**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THADDEUS JIMENEZ, | ) |
|        Plaintiff, | ) |
|     v. | ) Case No. 09 C 8081 |
| CITY OF CHICAGO, Chicago Police Detectives JEROME BOGUCKI, MARK SANDERS, RAYMOND SCHALK, and F. MONTILLA, Chicago Police Officers LAWRENCE RYAN and ROBERT WHITEMAN, and as-yet unknown City of Chicago Employees, | ) Judge Matthew F. Kennelly |
|        Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS THE
*MONELL* CLAIMS OF PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, for its Motion to Dismiss the *Monell* Claims of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states:

**INTRODUCTION**

1. On December 31, 2009, Plaintiff filed an eight-count complaint against Defendants. Plaintiff asserts the following claims:

| | |
|---|---|
| Count I | §1983 – Violation of Due Process |
| Count II | §1983 – Failure to Intervene |
| Count III | §1983 – Conspiracy to deprive constitutional rights |
| Count IV | State Law – Malicious prosecution |
| Count V | State Law – Intentional Infliction of Emotional Distress |
| Count VI | State Law – Civil Conspiracy |
| Count VII | State Law – *Respondeat Superior* |
| Count VIII | State Law – Indemnification |

This motion to dismiss is directed at the *Monell* claims included within paragraphs 49, 50, 55, and 63 of counts I – III of the Complaint based upon the pleading requirements most recently articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). For the reasons set forth below, all the policy and practice allegations of plaintiff's complaint should be dismissed.

## LEGAL STANDARD

2. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Rather, to survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Bare assertions amounting to nothing more than "labels and conclusions" or a "formulaic recitation of the elements" of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 554-55. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*, *quoting Twombly*, 550 U.S. at 557. Instead, to survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability, and requires "more than a sheer possibility" that a defendant has acted improperly. *Id.* In this case, Plaintiff has failed to state a *Monell* claim against the City.

## ALLEGATIONS OF COMPLAINT PERTINENT TO THIS MOTION

3. In Plaintiff's complaint, he contends he was wrongfully convicted for the February 3, 1993 murder of Eric Morro. (Dkt. 1 at ¶12). In particular, plaintiff claims the police officer defendants withheld exculpatory evidence with respect to their alleged manipulation of Larry Tueffel who identified Plaintiff as the offender at both his trials. (Dkt. 1 at ¶22). Plaintiff also claims the police officer defendants procured a fraudulent identification of Mr. Jimenez using unduly suggestive and otherwise improper lineup identification procedures pertaining to witness Tina Elder. (Dkt. 1 at ¶24). In addition, plaintiff claims the police officer defendants deliberately failed to investigate and develop information that would have established the guilt of the true perpetrator of the murder. (Dkt. 1 at ¶26). Based on these allegations, plaintiff claims a violation of due process in count I against the police officer defendants, failure to intervene in count II, and conspiracy to deprive constitutional rights in count III, as well as state law claims not the subject of this motion.

4. As for the City, Plaintiff includes *Monell* type allegations at the end of counts I, II, and III, respectively. The entirety of Plaintiff's *Monell* allegations in count I are contained within paragraphs 49 and 50 and are reprinted below:

> 49. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago in that Chicago Police Department employees and agents regularly failed to disclose exculpatory evidence to criminal defendants, pursued wrongful convictions through profoundly flawed investigations and coerced testimony, and otherwise violated due process in a similar manner to that alleged herein. The above-described widespread practices, which were so well-settled as to constitute *de facto* policy in the Chicago Police Department, were allowed to exist because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.
>
> 50. Furthermore, the widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

5. In count II, Plaintiff's only *Monell* allegation simply adopts the allegations of the preceding paragraphs:

> 55. The misconduct described in this Count was undertaken by employees of the City of Chicago, including but not limited to the named Defendants, pursuant to the City of Chicago's policy and practice in the manner described in the preceding paragraphs.

3

6. In count III, as with Count II, the entirety of Plaintiff's *Monell* allegation consists of a paragraph adopting allegations from prior paragraphs:

> 63. The misconduct described in this Count was undertaken by employees of the City of Chicago, including but not limited to the named Defendants, pursuant to the policy and practice of the Chicago Police Department in the manner described more fully in preceding paragraphs.

There are no other allegations in plaintiff's complaint relating to his Monell claim.

## ARGUMENT

7. To prevail on a §1983 claim against the City, a plaintiff must show: 1) a violation of his constitutional rights; 2) an injury; and 3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Bryan County,* 520 U.S. at 403-04; *see also Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, (1978). As the Supreme Court held in *Bryan County*, "[t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." 520 U.S. at 404, 117 S.Ct. at 1388; *see also Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001) ("A municipality may only be held liable where it is the moving force behind the injury because some policymaker made a deliberate choice to act or not act in a certain way."). To establish the requisite causation, the Seventh Circuit has held that plaintiff must allege that: (1) the City had an express policy that caused a constitutional deprivation when enforced; (2) the City had a widespread practice that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express municipal policy or law authorizing the practice; or (3) the constitutional injury was caused by a City official who had "final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

8. The allegations of Plaintiff's complaint fail to state a *Monell* claim pursuant to *Iqbal* and *Bell Atlantic*. The formulaic assertions and bare conclusions of paragraphs 49, 50, 55, and 63 of Plaintiff's complaint are the type of allegations held to be insufficient by the Supreme Court in *Iqbal*. When alleging a *Monell* claim, a plaintiff must identify with specificity the custom, policy, or practice of which he complains. *See*, *e.g.*, *City of Canton v. Harris*, 489 U.S.

378, 391 (1989) (the identified deficiency must be "closely related to the ultimate injury"). To forego this requirement would blur the line "between *respondeat superior* liability and truly unconstitutional municipal conduct." *Piotrowski v. City of Houston*, 237 F.3d 567, 580 n.27 (5th Cir. 2001). Accordingly, to ensure that a municipality is not held liable solely for the actions of its employees, "rigorous standards of culpability and causation must be applied." *Bryan County*, 520 U.S. at 405. *See also Copeland v. Northwestern Memorial Hospital*, 964 F. Supp. 1225, 1240 (N.D. Ill. 1997) ("[c]laims based wholly on conclusory allegations of *de facto* municipal policy constitute one of the most prevalent forms of abuse in § 1983 actions").

9.  Beyond mere labels and conclusions, plaintiff's complaint offers no specifics that would serve to put the City on notice of the policy, practice, or custom he is challenging. *See Twombly*, *supra*, (Complaint must provide the "grounds upon which [his claim] rests"); *see also Mumm v. Wetter*, 2006 WL 163151 at *4 (N.D. Ill. 2006) (Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a policy does exist, are insufficient); *Brown v. City of Chicago*, 2001 WL 1002484 at *3 (N.D. Ill. 2001). Plaintiff's attempt to plead a *Monell* claim fails because he has not adequately alleged his constitutional rights were violated as a result of a specific "custom, policy, or practice" of the City. More to the point, plaintiff fails to adequately define the "custom, policy, practice" that allegedly led to the deprivation of his constitutional rights. His bare and general allegations of a "policy" of withholding exculpatory evidence, pursuing wrongful convictions through flawed investigations and coerced testimony, and failing to implement sufficient training, oversight, or punishment are mere labels and conclusions which, standing alone, do not state a cause of action according to the Supreme Court. There are no specific allegations in Plaintiff's complaint stating a claim pursuant to *Monell* that would plausibly entitle Plaintiff to relief.

10. The City does not bring this motion merely as a technical pleading exercise. The City brings this motion to prevent this litigation from devolving into unfocused allegations of generalized misconduct by Chicago police unrelated to the specific allegations of Plaintiff's complaint. Plaintiff's broad policy and practice allegations are precisely the type of unfocused allegations that courts have rejected as a basis for a *Monell* claim. *Carter v. Morris*, 164 F.3d 215, 218-19 (4th Cir. 1999). *See also Brown*, 2001 WL 1002484 at *3. The law requires litigants to "identify the offending municipal policy with precision" so courts can prevent trials from straying off into "collateral accusations of marginally related incidents." *Id*. The law is

clear, a claim that "past generalized bad police behavior led to future generalize bad police behavior" fails the "rigorous standards of culpability and causation" required for municipal liability. *Id.*; *see also Bryan Cty*, 520 U.S. at 404. As the court explained in *Carter*:

> Section 1983 does not grant courts a roving commission to root out and correct whatever municipal transgressions they might discover—our role is to decide concrete cases. Unfocused evidence of unrelated constitutional violations is simply not relevant to the question of whether a municipal decision maker caused the violation of the specific federal rights of the plaintiff before the court. Permitting plaintiffs to splatter-paint a picture of scattered violations also squanders scarce judicial and municipal time and resources. As a practical matter, a case involving inquiries into loosely related incidents can be an unruly one to try.

*Carter*, 164 F.3d at 218-19. *See also Brown v. City of Chicago*, 2001 WL 1002484, *3 (N.D. Ill. Aug. 30, 2001); *Chaparro v. Powell*, 2008 WL 68683 (N.D.Ill. Jan. 2, 2008); *see also Mumm v. Wetter*, 2006 WL 163151, *3 (N.D. Ill Jan. 20, 2006)(boilerplate allegations of a municipal policy, entirely lacking in any factual support that a policy does exist, are insufficient).

11. Plaintiff's generalized allegations of police misconduct seek to impose liability against the City based on a theory of *respondeat superior* rather than pursuant to the principles of *Monell*. For instance, paragraph 49 of plaintiff's complaint generally asserts the Chicago Police Department had a policy of pursuing "wrongful convictions through profoundly flawed investigations and coerced testimony, and otherwise violated due process in a similar manner to that alleged herein." These types of general allegations do not state a cause of action under *Iqbal* and threaten to divert this litigation from the specific facts of this case to a roving commission of unspecified investigations of the Chicago Police Department unrelated to this case. As a result, paragraphs 49, 50, 55, and 63 of counts I - III of plaintiff's complaint should be dismissed.

WHEREFORE, the City respectfully requests that the policy and practice allegations contained in counts I through III of Plaintiff's Complaint be dismissed, and for any other relief this Court deems appropriate.

                                                Respectfully submitted,

                                                s/ Daniel M. Noland
                                                One of the Attorneys for Defendant,
                                                CITY OF CHICAGO

Terrence M. Burns
Harry N. Arger
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Dr., Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2010, I electronically filed the foregoing **Defendant City of Chicago's Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman, III |
| Jon Loevy | MacArthur Justice Center |
| Rachel Steinback | Northwestern University School of Law |
| Russell R. Ainsworth | 357 E. Chicago Ave. |
| Loevy & Loevy | Chicago, IL 60611 |
| 312 North May Street | 312.503.0844 |
| Suite 100 | 312.503.1272 (fax) |
| Chicago, IL 60607 | bowman@law.northwestern.edu |
| 312.243.5900 | |
| | |
| Stuart J. Chanen | Andrew M. Hale |
| Valorem Law Group LLC | Avi T. Kamionski |
| 35 E. Wacker Drive | Andrew M. Hales & Associates, LLC |
| Suite 2900 | 53 W. Jackson Blvd. |
| Chicago, IL 60601 | Suite 1800 |
| 312.676.5480 | Chicago, IL 60604 |
| stuart.chanen@valoremlaw.com | (312) 341-9646 |
| | (312) 341-9656 (fax) |

                                                              s/ Daniel M. Noland
                                                              Daniel M. Noland