# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-8081 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

Defendants Jerome Bogucki, Raymond Schalk, and Mark Sanders ("Defendants"), by their undersigned attorneys and pursuant to the Federal Rules of Evidence and Federal Rules of Civil Procedure, hereby move this Court *in limine* for an order precluding the plaintiff, his attorneys, witnesses or others from introducing evidence and mentioning in the presence of the jury the following matters:

## MEET-AND-CONFER PROCESS

Defendants have conferred with plaintiff on the following issues addressed in defendants' motions *in limine*. Plaintiff has indicated that he intends to offer this evidence at trial and defendants oppose the introduction of such evidence and therefore have filed the following motions *in limine*.

1. **Evidence of Indemnification Should be Barred, and as Such, the City of Chicago Should be Removed from the Caption and Verdict Form.**

Evidence or argument that the Defendant Officers are indemnified by the City of Chicago should be barred because this evidence is irrelevant and highly prejudicial to the issue of liability. *See* Fed. R. Evid. 411 (West 2011).

1

Courts routinely bar evidence and argument of indemnification because such evidence and argument is "too prejudicial to survive the Rule 403 balancing test." S*ee Townsend v. Benya,* 287 F.Supp.2d 863. 874 (N.D. Ill. 2003) (barring mention of indemnification of defendants by municipality because information is too prejudicial to survive the Rule 403 balancing test."); *see also Maldonado v. Stinar,* 08 C 1954, 2010 WL 307568 at *3 (N.D. Ill. Aug. 5, 2010) (Nolan, J.) (granting "Defendants' motion to bar Plaintiff from arguing, implying, or mentioning directly that the City will indemnify the Defendant Officers for any award of compensatory damages"); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *Griffin v. Hillke*, 804 F.2d 1052, 1057 (8th Cir. 1986) (declaring indemnification instructions to constitute reversible error).

Courts have explained that, if argument of indemnity is allowed, "instead of focusing the jury's attention on the injury actually suffered by the plaintiff, we would be subjecting the jury to a flurry of largely irrelevant assertions and counter-assertions concerning who may or may not be financially harmed by a particular award." *Larez v. Holeomb*, 16 F.3d 1513, 1519 (9th Cir. 1994). Compensatory damages are designed to compensate a plaintiff for injury and that alone should be the jury's consideration in determining such an award.

In this case, Plaintiff could use an argument that Defendants Officers will be indemnified by the City to inflate the compensatory award, by arguing that the City, and not the Defendant Officers, will pay any compensatory damages award in this case. Thus, the jury's attention could be taken away from assessing actual harm, and could result in an inflated award because the City of Chicago would be acting as an "insurance policy" for the defendants. A distraction like that would be unduly prejudicial to the Defendant Officers and should not be allowed.

2

In addition, the Defendant Officers are not indemnified for any punitive damages. Any argument concerning indemnification therefore could result in juror confusion. A jury could reasonably believe that because the Defendant Officers are indemnified for one type of award—compensatory damages—they are indemnified for other types of awards—punitive damages. Consequently, a jury could be led to believe the Defendant Officers would not have to pay anything if found liable on Plaintiff's claims when, in reality, any award of punitive damages would come out of the Defendant Officers' pockets. For the foregoing reasons, Defendants respectfully request this Court to bar any argument regarding their indemnification.

Finally, in light of the fact that the City has entered into a *Monell* stipulation and that evidence of indemnification is inadmissible, there is no legitimate purpose in having the City listed on the caption or verdict form. If it were listed on those documents, the jury would be prone to speculate as to the reason why. Most sophisticated jurors would come to the obvious conclusion that the City is indemnifying the Defendant Officers. For this reason, the City should be removed from the caption and verdict form. *See Betts v. City of Chicago*, 784 F.Supp.2d 1020,1030 (N.D. Ill. 2011)(Gottchall, J.)(granting motion to bar indemnification and removing City from verdict form).

**2. The Question of Punitive Damages Should Be Bifurcated from the Trial.**

The individual defendants recognize that the rule that indemnification evidence is inadmissible becomes more complicated in a case, like this one, that involves a claim of punitive damages. If an individual defendant claims poverty or inability to pay punitive damages, courts have held that this "opens the door" to indemnification evidence. *Betts*, 784 F.Supp.2d at 1030. The reasoning behind such a ruling is that it would be unfair and confusing to allow the individuals to claim poverty, which poses a risk of appealing to juror sympathy, when in fact the

individual is not going to pay any compensatory damages assessed. But this argument presumes a false choice because there is no need to try the compensatory and punitive damages aspects of the case at the same time.

Federal Rule of Civil Procedure 42(b) provides that: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). If one of these criteria is met-preventing prejudice to a party or promoting judicial economy-a district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment. *Chlopek v. Fed. Ins. Co.,* 499 F.3d 692, 700 (7th Cir.2007). "The district court has considerable discretion to order the bifurcation of a trial." *Krocka v. City of Chicago,* 203 F.3d 507, 516 (7th Cir. 2000).

If punitive damages are bifurcated and tried separately, it benefits all parties and minimizes the risk of juror nullification. It benefits the plaintiff because it eliminates the need for evidence of the individual defendants' inability to pay, and any attendant risk of juror sympathy. At the same time, bifurcation would preserve the individual defendants' ability to introduce inability to pay evidence as relevant to Plaintiff's claim for punitive damages, while eliminating the presumed prejudice associated with the introduction of indemnification evidence. Finally, the City (on or off of the caption) would be prejudiced if the punitive damages aspect of the case is not bifurcated.

Bifurcation of punitive damages will also not unduly delay or complicate the trial. The three defendant officers are the only individuals who would testify in a punitive damage phase and their testimony would be extremely limited in scope. Based on counsel's own experience in other cases, the punitive damages phase of the trial, assuming liability is found, would

commence right after the jury's verdict and would last for a couple hours. If there is no liability found, there will be no need for the punitive damages testimony. In fact, defense counsel has tried bifurcated punitive damage claims against plaintiff's firm in two other cases, *Booker v. City of Chicago* (Holderman, J.) and *Lopez v. City of Chicago* (Circuit Court of Cook County).

Therefore, the Court should bifurcate the trial so that the issues of liability, and punitive damages, if any, could be addressed separately. Fed. R. Civ. P. 42(b).

3. **Motion To Bar Prior Bad Acts (Internal Complaints Or Lawsuits) Of Defendant Officers Or Witness Officers.**

In March 2010 defendants Shalk and Bogucki were defendants in *Warfield v. City of Chicago*. The events underlying *Warfield* took place in June of 2004. This was a suit brought by plaintiff's law firm, Loevy & Loevy. In that suit, several teenage girls alleged that they were taken to a police station, held and questioned about witnessing a shooting. Plaintiff ultimately prevailed at trial. After the verdict was entered, the defendants appealed the findings and the case ultimately settled on appeal. The parties entered into the City of Chicago standard release and settlement agreement. Plaintiff's counsel signed a release and settlement agreement acknowledging that they would not use the settlement as an admission of liability and the settlement specifically called for vacating the judgments against them. Accordingly, plaintiff's counsel should not introduce any evidence related to *Warfield*.

1. **No 404(b) witnesses disclosed**

For starters, although this case has been litigated for over a year, plaintiff has not disclosed a single 404(b) witness against the defendants. As such, plaintiff will not have a single witness at trial to support any 404(b) argument.

2. **The *Warfield* case is overly prejudicial**

5

Defendants move to bar any mention or questioning of Defendants Shalk and Bogucki regarding *Warfield* because the sole purpose of questioning them on this case is to smear them with improper character and propensity evidence. *See* Fed.R.Evid. 404(b). Propensity evidence, however, is inadmissible to prove that a party acted on the occasion in question consistent with his alleged other bad act. Fed.R.Evid. 404(b); *See Huddleston v. U.S.,* 485 U.S. 681, 685 (1988); *U.S. v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988). Before evidence is allowed under Rule 404(b), the party seeking admission must satisfy the following requirements: (1) the proposed evidence must be directed toward establishing a matter in issue other than propensity; (2) the evidence must be similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a jury finding that the defendant actually committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *U.S. v. Zapata*, 871 F.2d 616, 620 (7th Cir. 1989). Plaintiff's propensity evidence does not satisfy the *Zapata* prerequisites for admissibility.

In this case, plaintiff intends to introduce the allegations and findings in *Warfield* for no purpose other than propensity. There is no dispute as to the identities or roles of the officers involved in the allegations at issue here. Intent is similarly not a legitimate issue for purposes of the 404(b) analysis because the crux of Plaintiff's claim is that Defendants falsely arrested him. Rather, the only purpose in Plaintiffs' introduction of the *Warfield* case is to convince the jury that it is more likely that defendants engaged in misconduct in this case because of other allegations of misconduct. This type of smear evidence of course is not permitted. Fed.R.Evid. 404(b); *Okai v. Veruth*, 275 F.3d 606, 610-12 (7th Cir. 2001) (affirming exclusion of prison guard suspensions not relevant to matter in issue).

Moreover, evidence related to the *Warfield* case should be excluded because any probative value they might offer is overwhelmingly outweighed by the danger of unfair prejudice, confusion, and delay. Fed. R. Evid. 403; *See Zapata*, 871 F.2d at 620; *see also*, *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

Besides lawsuits, plaintiff may seek to introduce evidence of prior or subsequent unrelated internal complaints, or unrelated lawsuits against the Defendant Officers or other police officer witnesses. Such evidence is not relevant. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401 (West 2010). Evidence or testimony that does not directly relate to Plaintiff's allegations is wholly irrelevant to the questions raised by plaintiff's claims.

Moreover, any evidence or testimony regarding any alleged misconduct attributed to certain police officers in other instances would be barred as inadmissible under Rule 404(b). Even if this Court finds that this evidence does have minimal relevancy (a point Defendant Officers do not concede), Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *See* Fed. R. Evid. 404(b) (West 2010). Plaintiff will use the prior or subsequent complaints to allege that they make it more likely that the Officers committed the conduct in question. This clearly violates Rule 404(b) and cannot be allowed.

Also, the evidence is unduly prejudicial, and will risk confusion of the issues for the jury. *See* Fed. R. Evid. 403.

Seventh Circuit case law supports barring this evidence from introduction at trial. In *Estate of Keys v. City of Harvey,* No. 92 C 2177, 1996 WL 34422 (N.D. Ill. 1996) (Nordberg, J.), a police sergeant was being sued by the estate of a man who was killed for a violation of §1983. The City moved to bar evidence of other acts, including disciplinary records and personnel files. The court held that the evidence amounted to nothing more than prior bad acts being used to prove actions in conformity. *Id.* The court rejected an argument that this evidence was of habit, and it rejected an argument that this evidence met a 404 exception. *Id.* In addition, the court found that even if the evidence had not been clearly impermissible under 404, the court still would have excluded the evidence as unfairly prejudicial under 403. *Id.* at *2; *see Moore v. City of Chicago,* 2008 WL 4549137 at *5 (N.D. Ill. 2008) (Moran, J.)(unrelated internal complaints were inadmissible character evidence); *Heflin v. City of Chicago,* No. 95 C 1990, 1996 WL 28238 (N.D. Ill. 1996) (Conlon, J.)(unrelated complaints against police barred under 401, 403); *Jones v. Hamelman,* 869 F. 2d 1023, 1027 (7th Cir. 1989) (Seventh Circuit held in §1983 suit against correctional officers that evidence of prior bad act was not probative of officers' modus operandi, it was impermissible under 404(b), and even if probative, it was unfairly prejudicial); *Aguilar v. Dixon,* No. 93 C 1936, 1995 WL 319621 (N.D. Ill. 1995); *see also Akbar v. City of Chicago,* 06 C 3685, 2009 WL 3335364 (N.D. Ill. Oct. 14, 2009) (holding complaint registers against Chicago Police officers inadmissible); *Gadison v. McGuire,* 09 C 0001, 2010 WL 346143 (N.D. Ill. Jan. 22, 2010) (granting Defendant's motion *in limine* regarding prior complaints against officers); *Falk v. Clarke,* No 88 C 7293, 1990 WL 43581 (N.D. Ill. Apr. 3, 1990) (barring use of prior allegation against officer because propensity evidence and unduly

prejudicial); *see also Gonzalez v. City of Elgin,* 2010 WL 3271272 (N.D. Ill. 2010) (St. Eve, J.)(prior lawsuits against officers barred.).

The case law in the Seventh Circuit makes it clear that alleged prior bad acts such as internal complaints or lawsuits are inadmissible at trial. Evidence of prior complaints or lawsuits (which are unrelated to this case) are not relevant, not reliable, impermissible character evidence, and unduly prejudicial. Lastly, the party seeking to offer the evidence has the burden of making an affirmative showing of how the evidence is anything other than propensity evidence. *See Treece v. Hochstetler,* 213 F.3d 360, 363-64 (7th Cir. 2000). Plaintiff cannot do so here. As such, all of the aforementioned evidence and testimony regarding any other unrelated internal complaint or unrelated lawsuit should be barred.

Therefore, references to Defendants' other civil lawsuits and citizen complaints, including *Warfield*, should be barred as impermissible propensity evidence.

**4. Generalized References to Police Misconduct Should Be Barred.**

In recent years, allegations of misconduct by members of the Chicago Police Department have received, and at times even dominated media coverage in the city's major newspapers, local news broadcasts, and on the internet. These allegations include the Anthony Abbate attacking of a bartender, and the recent perjury conviction of Jon Burge this past summer. Defendants have absolutely nothing to do with these publicized incidents and they have no probative value to the issues in this case. Therefore, reference to these, or any other generalized allegations of misconduct by members of the Chicago Police Department should be barred. Fed. R. Evid. 401, 402, & 403.

**5. References to Northwestern's "Center on Wrongful Convictions," the CWC's Mission, And Its Other Post-Conviction Cases Should Be Barred.**

9

References to Northwestern's "Center on Wrongful Convictions," the CWC's mission, and its other post-conviction cases should be barred as irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403. Instead, Defendants respectfully request that the CWC simply be referred to as "Northwestern." Plaintiff should not be permitted to bolster his claim that he was wrongfully convicted by using the CWC's name, introducing testimony regarding the CWC's mission, or referring to other post-conviction cases the CWC has handled. To begin with, such evidence is wholly irrelevant to Plaintiff's claims. The CWC's mission, its process for determining which cases to take, and its other post-conviction victories have no bearing on whether the defendants in this case did or did not commit misconduct. Moreover, such evidence invites the jury to conclude that, because the "Center on Wrongful Convictions," with its history of successfully fighting "wrongful convictions," intervened on Plaintiff's behalf, he must in fact have been wrongfully convicted. Therefore, references to the CWC, its mission, and its other post-conviction cases should be barred as irrelevant and unduly prejudicial.

6. **Evidence or Argument Regarding the Current Prosecution of Juan Carlos Torres Should Be Barred.**

Evidence or argument regarding the current prosecution of Juan Carlos Torres should be barred as unduly prejudicial. Fed. R. Evid. 403. Although Plaintiff intends to argue that Mr. Torres murdered Eric Morro, and should be permitted to do so, any probative value of Mr. Torres's current prosecution is overwhelmingly outweighed by its prejudicial effect.

The probative value of Mr. Torres's prosecution, given the other evidence that Plaintiff intends to introduce regarding his guilt, is difficult to identify. Plaintiff already intends to introduce various evidence that Mr. Torres murdered Eric Morro, including, but not limited to: Victor Romo and Larry Tueffel's testimony that he committed the murder; the Ezequiel Romo audiotape; and, via his expert Gregg McCrary, evidence discovered during the State's Attorney's

Office's reinvestigation of the shooting. The only possible purpose of introducing evidence of Mr. Torres's current prosecution is to impermissibly convince the jury that, because the State's Attorney's Office has stamped it with its imprimatur, Mr. Torres must be guilty.

In our justice system, criminal defendants are presumed innocent until proven guilty beyond a reasonable doubt. Mr. Torres, despite being charged with the murder of Eric Morro in May of 2009, still awaits trial. Given the substantial evidence, even today, that Plaintiff committed the murder, the chances that Mr. Torres can ever be convicted are vanishingly slim. Nevertheless, if Plaintiff is allowed to introduce evidence of Mr. Torres's current prosecution, the jury will inevitably be invited to conclude that the State's Attorney's Office is vouching for his guilt and that, for this reason, he is in fact guilty. Allowing evidence of the current prosecution against Mr. Torres will also create a mini-trial, risking confusing and distracting the jury, as well as consuming undue amounts of trial time.

In *Porter v. City of Chicago*, 912 N.E.2d 1262, 1272 (1st Dist. 2009), the Illinois appellate court upheld the trial court's barring of evidence that someone other than the plaintiff committed the crime. Significantly, the court observed that Mr. Simon, like Mr. Torres, maintained that he was innocent, rendering the evidence plaintiff sought to introduce unreliable. *See also Gauger v. Hendle*, 954 N.E.2d 307, 332-38 (2d Dist. 2011) (upholding the trial court's barring of evidence regarding how the "real killers" committed the crime and how the "real killers" were discovered).

Therefore, evidence or argument regarding Mr. Torres's current prosecution should be barred because any probative value is overwhelmingly outweighed by its prejudicial effect.

7. **Evidence or Argument Regarding the Alleged Withholding of the Polaroid Photograph and Inventory List As Well As the Federal Claims Against Defendant Schalk Already Dismissed on Summary Judgment Should Be Barred.**

This court granted summary judgment on Plaintiff's claim regarding the alleged withholding of the Polaroid photograph of Plaintiff and full inventory list contained within the Area File for the investigation of the murder of Eric Morro, filed under RD No. X-051839, as well as on Plaintiff's federal claims against Defendant Schalk. Therefore, evidence or argument regarding the alleged withholding of the photograph and inventory list, as well as any federal claims against Defendant Schalk, should be barred, including, but not limited to, Plaintiff's exhibit comparing two inventory lists Bates-stamped JIM 30 and TRJ 254.

8. **Phil Torres's Deposition Testimony Should Be Stricken.**

Phil Torres's deposition testimony should be stricken because he was incompetent to testify due to intoxication. At the beginning of Mr. Torres's deposition, he was asked directly whether he was of sound mind. Mr. Torres responded "No, I'm not." He then explained that he was not of sound mind "Because I get high." Later in the deposition, when asked whether he actually remembered the events of 1993, he reiterated "I told you I was high man." Therefore, because Mr. Torres specifically affirmed that he was not of sound mind due to his intoxication, his deposition testimony should be stricken.

9. **General Allegations the Police Officers Lie, Conspire, Cover-up, or Promote a Code of Silence to Protect Other Officers Should be Barred.**

Defendants are not seeking to tie plaintiff's hands at trial. In fact, defendants concede that questioning officers on bias and even arguing that the officers in this case are lying is clearly fair game. This motion is brought to seek exclusion of such general evidence, terms, and argument because it is not relevant to any jury determination, including credibility of the police officers. Therefore, such evidence would also be extremely prejudicial to the defendants.

Generalized statements are merely opinions and are not supported by the evidence. Evidence will be admissible at trial only if it makes the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401 (West 2007). At trial, the only relevant inquiry is whether the Defendants committed the specified misconduct against the Plaintiffs. Given this narrow question of fact, it is evident that general allegations of a police "code of silence" or similar assertion has no bearing on the jury's assessment of the defendants' conduct in this case. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. *See* Fed R. Evid. 403 (West 2007). By allowing such prejudicial evidence, the jury might improperly infer that the Defendant Officers act in conformance with a general, prejudicial stereotype about the entire Department.

Even if general evidence of a police code of silence did have minimal probative value, this Court should exclude such evidence because its prejudicial effect substantially outweighs its probative value. *See* Fed. R. Evid. 403 (West 2007). *Shaw*, 1997 WL 187352, at *7; *and see Townsend v. Benya*, 287 F.Supp.2d 868, 876-7 (N.D. Ill. 2003) (barring phrases "code of silence", "cover-up" and "conspiracy" as unduly prejudicial).

Accordingly, this Court should bar Plaintiffs from presenting at trial any testimony, evidence or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant their motions in *limine* and enter an order precluding the plaintiff, his attorneys, witnesses or others from introducing evidence and mentioning in the presence of the jury the matters encompassed by these motions.

Respectfully Submitted,

|  | DEFENDANTS |
|---|---|
| BY: | /s/ Joan E. Ahn |
|  | One of the Attorneys for Defendants |

Andrew M. Hale
Avi T. Kamionski
Joan E. Ahn
Andrew M. Hale & Associates, LLC
53 W. Jackson, Suite 1800
Chicago, IL 60604
312-341-9646

## CERTIFICATE OF SERVICE

      I, Joan E. Ahn, an attorney, hereby certify that on November 15, 2011, I caused DEFENDANTS' MOTIONS *IN LIMINE* to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                                          /s/ Joan E. Ahn