IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-8081 |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | The Hon. Matthew F. Kennelly |
| Defendants. | ) | |

**PLAINTIFF JIMENEZ'S MOTION *IN LIMINE* NO. 3
TO BAR TESTIMONY OF CARMELO CORTEZ**

Plaintiff Thaddeus, by his undersigned attorneys, respectfully moves this Court for entry of an order in limine barring Defendants from calling Carmelo Cortez as a witness at the trial of this case. In support, Plaintiff states:

1. On October 26, 2011, the police officer defendants wrote a letter to Plaintiff's counsel (attached as Exhibit A) announcing that they had located a new witness, Carmelo Cortez, whom they intend to call at trial. Mr. Cortez's testimony should be barred because he was disclosed too late in the day. Pursuant to the parties' agreement, fact discovery in this case was closed on December 15, 2010. *See* Doc. No. 32. Thus, the disclosure of Mr. Cortez comes almost a year too late. There is not sufficient time prior to the scheduled trial date for Plaintiff's counsel to undertake the discovery necessary to ascertain the details of Mr. Cortez's testimony; to explore how the defendants learned of that testimony; and to investigate other possible avenues of impeachment.

2. According to the defendants' October 26 letter, Mr. Cortez was a friend of Eric Morro, the victim of the February 1993 murder for which Plaintiff was wrongfully convicted. Larry Tueffel, the Court will recall, was with Morro the night he was killed. Although he

identified Plaintiff as the shooter at trial, Tueffel has since recanted and has testified in multiple sworn statements and in a deposition supervised by the Court that Plaintiff was not the person who shot Morro. According to the defendants' letter, however, Mr. Cortez will testify that Tueffel told Cortez on the night of the shooting that Plaintiff shot and killed Eric Morro.

3. This newly discovered evidence is bizarre and highly suspect. Mr. Cortez's name has never before emerged as a witness—not in the police investigation immediately after the Morro murder, not in the two criminal trials of Plaintiff, not in the re-investigation of the case by counsel at Northwestern University's Center on Wrongful Convictions, not in the second re-investigation of the case by the Office of the Cook County State's Attorney (resulting in murder charges against another individual, Juan Carlos Torres), and not once in the nearly two years of intensive discovery in this case from January 2010 to October 2011.

4. To be adequately prepared to meet this new evidence, it would be necessary for Plaintiff's counsel to do much more than just depose Mr. Cortez. Collateral discovery into the following issues (among others) would also be necessary:

    a. How did the defendants locate Mr. Cortez?

    b. Who on the defense team took a statement from Mr. Cortez and under what circumstances was any such statement taken?

    c. To whom, other than the defense counsel or their investigators, has Mr. Cortez disclosed his purported conversation with Larry Tueffel in the eighteen years since it supposedly occurred?

    d. Why did Mr. Cortez not come forward earlier with his information?

5. There is no conceivable way that Plaintiff's counsel could be expected to undertake the necessary discovery and investigation in the six weeks between the defense letter of October 26 disclosing Mr. Cortez and the December 5 trial date.

6. Fact discovery in this case closed nearly a year ago. Although the parties have

cooperated to complete a few previously-noticed depositions, there is nothing in the course of dealing between the parties to authorize an eleventh hour disclosure of a new witness, such as Mr. Cortez. It would be unfairly prejudicial to Plaintiff to allow the defendants to call Mr. Cortez under the circumstances here.

7. The Defendants will claim that the late disclosure of Mr. Cortez is justified because he was only recently located. In an email sent earlier today, Plaintiff asked for an explanation of how the Defendants came to locate Mr. Cortez and who found him.[1] At this writing there has been no response. Under the circumstances, Mr. Cortez should be barred.

WHEREFORE, Plaintiff Thaddeus Jimenez respectfully requests that this Court enter an order *in limine* barring the defendants from calling Carmelo Cortez during the trial of this case.

Respectfully submitted,

**THADDEUS JIMENEZ**

By: /s/ Stuart J. Chanen
 One of his Attorneys

| | | |
|---|---|---|
| Arthur Loevy | Stuart J. Chanen | Locke E. Bowman |
| Jon Loevy | Lisa Castle | RODERICK MACARTHUR |
| Russell Ainsworth | VALOREM LAW GROUP | JUSTICE CENTER |
| LOEVY & LOEVY | 35 East Wacker Dr. | Northwestern University |
| 312 North May Street | 30th Floor | School of Law |
| Suite 100 | Chicago, IL 60601 | 357 E. Chicago Ave. |
| Chicago, IL 60607 | | Chicago, IL 60611 |
| (312) 243-5900 | | |

---

[1] In prior cases, investigators for these defense counsel have approached witnesses in a heavy-handed manner to encourage them to cooperate with the defense side. *See* Fifth Supplemental Rule 213 Disclosure in *Lopez v. City of Chicago,* No. 08 L 7549 (Circuit Court of Cook County), attached as Ex. B. It is for this reason that Plaintiff would want to do discovery as to the circumstances leading to Mr. Cortez's discovery and the obtaining of a statement from him.

## C‍ERTIFICATE OF S‍ERVICE

  I, Stuart J. Chanen, an attorney, certify that on November 15, 2011, I delivered a copy of this M‍OTION *IN* *L‍IMINE* N‍O. 3 TO B‍AR C‍ARMELO C‍ORTEZ FOR U‍NTIMELY D‍ISCLOSURE via the Court's Electronic Court Filing ("ECF") system to all counsel of record.

                  /s/ Stuart J. Chanen

Dated: November 15, 2011

**SERVICE LIST**

*Attorneys for Defendant City of Chicago*
Mr. Terrence M. Burns
Mr. Daniel Noland
Mr. Harry Arger
DYKEMA
10 S. Wacker Drive
Chicago, IL 60606

*Attorneys for Individual Defendants*
Mr. Andrew M. Hale
Mr. Avi T. Kamionski
Christina M. Liu
Joan E. Ahn
ANDREW M. HALE & ASSOCIATES
53 W. Jackson Blvd.,
Suite 1800
Chicago, IL 60604