# EXHIBIT 8: Defendants' Proposed Jury Instructions to which Plaintiff Objects

## Due Process Claim

To prevail on his first claim, Mr. Jimenez must prove each of the following propositions:

First, that the defendant you are considering intentionally concealed material exculpatory and/or impeachment evidence from the prosecutors.

Second, that Mr. Jimenez would not have been convicted of murder if this evidence had been disclosed.

I will define several of these terms for you shortly.

If you find from your consideration of all the evidence that Mr. Jimenez has proven each of these propositions as to a particular defendant, then you should find in favor of Mr. Jimenez and against that defendant on this claim, and go on to consider the question of damages on this claim.

If you find from your consideration of all the evidence that Mr. Jimenez has failed to prove any one of these propositions as to a particular defendant, then you should find in favor of that defendant and against Mr. Jimenez on this claim, and you will have no occasion to consider the question of damages as to that defendant on this claim.


Defendants' Proposed Jury Instruction No. 1

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


Court's Instructions Given in *Manning v. Miller*, 02 C 372, *See* http://www.ilnd.uscourts.gov/JUDGE/KENNELLY/mfk_02c00372.pdf

## Plaintiff's Objection to
## Defendants' Instruction No. 1

As drafted, the first element requires an "intentional" act. There is no intent element for a <u>Brady</u> violation. <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999); <u>United States v. Salem</u>, 578 F.3d 682, 685 (7th Cir. 2009) (failure to disclose evidence "whether intentional or inadvertent" violates <u>Brady v. Maryland</u>). This principle has been applied in Section 1983 cases. <u>Parish v. City of Chicago</u>, 594 F.3d 551, 554 (7th Cir. 2009); <u>Carvajal v. Dominguez</u>, 542 F.3d 561, 566-67 (7th Cir. 2008).

The second element states that Plaintiff must prove that he "would not have been convicted" had the evidence been disclosed. The law establishes a lower hurdle. To establish materiality, Plaintiff need only demonstrate "that had the evidence been disclosed to the jury at trial, there is a reasonable probability that the result would have been different. <u>Goudy v. Basinger</u>, 604 F.3d 394, 399-401 (7th Cir. 2010), citing <u>Strickler v. Greene</u>, 527 U.S. 263, 280 (1999); <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). As the Seventh Circuit explained:

> The reasonable probability standard for materiality of suppressed evidence is less rigorous than a preponderance of the evidence standard in that a petitioner need only show that the new evidence undermines confidence in the verdict. <u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995). When the cumulative effect of all the suppressed information is to undermine confidence in the verdict, such a reasonable probability exists. <u>See</u> <u>id.</u>
> The Supreme Court has clearly established that the standard for determining whether suppressed evidence is material is whether the cumulative effect of the new

evidence creates a reasonable probability of a different result at trial. Kyles, 514 U.S. at 434. "A defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict." Id. While the state court initially identified this as the correct legal principle for determining whether suppressed evidence was material, its statements repeatedly dismissing the materiality of evidence on the basis that it "does not mean that Goudy was not the other shooter," miss the point. [citation omitted]. At least three times, the court rejected the materiality of individual pieces of evidence on the basis that the evidence did not conclusively establish Goudy's innocence. ....

So while the Indiana court identified the correct legal principle -- that Goudy had to demonstrate a reasonable probability that the new evidence would lead to a different result -- the statements quoted above would require that Goudy prove the new evidence necessarily "would have" established his innocence. Placing this burden on Goudy was "diametrically different," Taylor, 529 U.S. at 406, than the clearly established principle laid out in Kyles, 514 U.S. at 434, Bagley, 473 U.S. at 682, and Agurs, 427 U.S. at 112-14.

Goudy v. Basinger, 604 F.3d 394, 399-401 (7th Cir. 2010) (granting *habeas* relief because the state court erroneously required the petitioner to prove that he would not have been convicted but for the Brady violation).

Plaintiff's proposed due process instruction cures both problems. It was drafted by Judge Shadur and affirmed in Dominguez v. Hendley, 545 F.3d 585, 590 (7th Cir. 2008), cert. denied, 129 S.Ct. 2381 (2009).

## Particulars Of The Claim

Mr. Jimenez contends that the following exculpatory and/or impeachment evidence was concealed from the prosecutors prior to his trial:

- that Defendants knowingly and intentionally induced Larry Tueffel to identify Mr. Jimenez as the shooter; and/or

- that Defendants knowingly and intentionally placed Tina Elder in front of a photo of Mr. Jimenez to create an unduly suggestive lineup and/or

- that Defendants took Phil Torres to the police station in the morning of February 4 against his will and induced Phil Torres to identify Mr. Jimenez as the shooter and/or

- that Defendants induced witnesses to give statements that the shooter was wearing a Duke Jacket by first telling the witness that the shooter was wearing a Duke Jacket.


Defendants' Proposed Jury Instruction No. 2

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


Court's Instructions Given in *Manning v. Miller*, 02 C 372, *See*
http://www.ilnd.uscourts.gov/JUDGE/KENNELLY/mfk_02c00372.pdf

**Plaintiff's Objection to**
**Defendants' Instruction No. 2**

Plaintiff should be the master of his statement of the claims, and Plaintiff's instruction (No. 25) should be used.

### Definitions

Exculpatory evidence is evidence that would tend to show that the accused person is not guilty of the crime charged. Impeachment evidence is evidence that would undermine the credibility of a prosecution witness who testifies at the trial.

Exculpatory and impeachment evidence may include evidence that the claims of a prosecution witness have been fabricated by law enforcement; evidence that law enforcement has knowingly induced a prosecution witness to make a false statement; evidence of benefits or other inducements promised or provided to prosecution witnesses; and evidence of prior statements by a prosecution witness that are inconsistent with the witness' testimony or that otherwise might undermine the credibility of that witness.

Exculpatory and impeachment evidence is "material" if it has a reasonable likelihood of affecting the outcome of the particular criminal case.

A law enforcement officer has the obligation to turn over material exculpatory and impeachment evidence to the prosecutors handling the case that is not otherwise available through the exercises of reasonable diligence. If the officer satisfies this obligation, he is not responsible if the prosecutor does not provide the information to the accused person. An officer does not have a duty to turn over evidence if he reasonably believes that the prosecutor already has the evidence. An officer does not have a duty to seek out exculpatory or impeachment evidence of which he is not aware.


Defendants' Proposed Jury Instruction No. 3

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Court's Instructions Given in *Manning v. Miller*, 02 C 372, *See* http://www.ilnd.uscourts.gov/JUDGE/KENNELLY/mfk_02c00372.pdf (modified to include "that is not otherwise available through the exercises of reasonable diligence" *See Holland v. City of Chicago*, No. 09-3905, 2011 WL 2473473, at *1 (7th Cir. June 23, 2011).

**Plaintiff's Objection to**
**Defendants' Instruction No. 3**

Plaintiff does not object, except to the extent that the definition of "material" in the third paragraph should reflect the case law set forth in Plaintiff's objection to Defendants' Instruction No. 1. Specifically, the following Supreme Court case law should be added: "The reasonable probability standard for materiality of suppressed evidence is less rigorous than a preponderance of the evidence standard in that a petitioner need only show that the new evidence undermines confidence in the verdict. When the cumulative effect of all the suppressed information is to undermine confidence in the verdict, such a reasonable probability exists." Goudy v. Basinger, 604 F.3d 394, 399-401 (7th Cir. 2010).

## Malice

A police officer commences or continues a criminal proceeding with malice if the officer commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice.

Defendants' Proposed Jury Instruction No. 4

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: *Denton v. Allstate Insurance Co.,* 152 Ill. App. 3d 578, 587 (1st Dist. 1986); *Turner v. City of Chicago,* 91 Ill. App. 3d 931, 937 (1st Dist. 1980); *Magnus v. Cock Robin Ice Cream, Inc.,* 52 Ill. App.3d 110, 117 (1st Dist. 1977).

## Plaintiff's Objection to
## Defendants' Instruction No. 4

This instruction is incomplete.  There is no pattern instruction for malice, but the complete version of the law must include the language in Plaintiff's Instruction Nos. 29 & 30. Specifically, as the Seventh Circuit reaffirmed just last week: "On a malicious prosecution claim under Illinois law, an inference of malice may be drawn from an absence of probable cause." <u>Aleman v. Village of Hanover Park</u>, -- F.3d --, 2011 WL 5865654, *8 (7th Cir. Nov. 21, 2011); <u>Gauger v. Hendle</u>, 954 N.E.2d 307, 333 (Ill.App. 2 Dist. 2011)  ("The term malice is not limited to personal ill-will, spite, or hatred toward plaintiff. Instead, malice may be inferred from the absence of probable cause, if the circumstances surrounding the commencement of the criminal proceeding are inconsistent with good faith and if the absence of probable cause has been clearly proved."); <u>Turner v. City of Chicago</u>, 415 N.E.2d 481, 487 (Ill. App. 1980) ("Malice may be inferred from want of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved").

Plaintiff's proposed instruction for malicious prosecution (incorporating a definition of probable cause consistent with the foregoing case law) was approved by Judge Holderman this week in <u>Edwards v. Haritos</u>, No. 09 C 1726.  A copy of that proposed instruction is approved and minute order is attached hereto. Malice is defined both in that malicious prosecution instruction No. 29) and the stand-alone malice instruction (No. 30) if the Court decides to break it up.

flight from a clearly identifiable police officer. A person may not resist arrest, even if the arrest is unlawful.

### 2.   Claim of Use of Excessive Force Against Defendants Haritos, Park, and Khan

For a Plaintiff to succeed on his claim of the use of excessive force, that Plaintiff must prove each of the following things by a preponderance of the evidence with respect to the particular Defendant that you are considering:

    1. The Defendant used unreasonable force against the Plaintiff;

    2. Because of the Defendant's unreasonable force, the Plaintiff was harmed.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Plaintiff and against the particular Defendant, and go on to consider the question of damages. If, on the other hand, you find that the Plaintiff you are considering did not prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant on this claim.

When deciding if a Defendant police officer's use of force, if any, was unreasonable, you must consider the Defendant's conduct from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. In deciding whether a Defendant's use of force was reasonable you are to consider all circumstances, including among other things:

    - the need for the use of force;

    - the relationship between the need for the use of force and the amount of force used;

    - the extent of the plaintiff's injury;

    - any efforts made by the defendant to temper or limit the amount of force;

    - the severity of the crime at issue;

    - the threat reasonably perceived by the defendant; and

    - whether the plaintiff was actively resisting arrest or was attempting to evade arrest.

### 3.   Claim of Malicious Prosecution Against Defendants Haritos and Park

For a Plaintiff to succeed on his claim of malicious prosecution, that Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant that you are considering:

    1. The commencement or continuance of a criminal proceeding by the Defendant;

    2. The termination of the criminal proceedings in favor of the Plaintiff in a manner indicative of innocence;

    3. The absence of probable cause for such proceedings;

    4. The presence of malice; and



**5. Damages resulting to the Plaintiff.**

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against a particular Defendant, then you should find for that Plaintiff and against that Defendant, and go on to consider the question of damages. If on the other hand, you find that the Plaintiff has failed to prove any one of these things against a particular Defendant by a preponderance of the evidence, then you should find for that Defendant and will not consider the question of damages.

Probable cause in a malicious prosecution claim means a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue. The fact that the charges against a particular Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time the criminal proceeding was commenced.

Malice, as an element of malicious prosecution, does not necessarily mean personal ill-will, spite, or hatred toward the person prosecuted, but instead means the commencement of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the party to justice. Malice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved.

**4.      Claim of Failure to Provide Medical Attention Against Defendants Haritos and Park**

For a Plaintiff to succeed on his claim of failure to provide medical attention, that Plaintiff must prove by a preponderance of the evidence that the conduct of the Defendant you are considering was objectively unreasonable under the circumstances, and that the Defendant's conduct caused harm to that Plaintiff. In determining whether the Defendant's conduct was objectively unreasonable, you should consider the following factors:

– whether the Defendant had notice of the Plaintiff's medical needs, either because of the Plaintiff's words or through the Defendant's observation of Plaintiff's physical symptoms;

– the seriousness of Plaintiff's medical need;

– the scope of the requested treatment;

– the other legitimate interests of the Defendant as a police officer, including administrative, penological, or investigatory concerns.

If you find that the Plaintiff you are considering has proved each of these things with respect to a particular Defendant by a preponderance of the evidence, then you should find for that Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things with respect to a particular Defendant by a preponderance of the evidence, then you should find for that Defendant, and you will not consider the question of damages.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1726 | **DATE** | 11/29/2011 |
| **CASE TITLE** | Orlando Edwards and Lee Edwards vs. Chicago Police Officer J. Haritos et al. | | |

### DOCKET ENTRY TEXT

The court has considered the defendants' objections to the proposed final jury instructions, preliminary jury instructions, and verdict form [109]. The defendants' objections are resolved as described in the Statement section of this order. The Plaintiffs have not filed any objections to the proposed jury instructions and verdict form.

■[ For further details see text below.]                                   Docketing to mail notices.

### STATEMENT

1. The phrase "in a manner indicative of innocence" will be added to the jury instruction on the second element of the malicious prosecution claim. *See Lopez v. City of Chicago*, No. 09-3349, 2011 WL 1557757, at *3-4 (N.D. Ill. Apr. 25, 2011); *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

2. The court declines to remove the following sentence from the instruction on malice: "Malice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved." The defendants have waived their objection to the sentence because the plaintiffs requested a substantially similar instruction, and the defendants failed to object to it (Dkt. No. 69, at 29). Moreover, the instruction is consistent with Illinois law, so there is no reason to remove it. *See Turner v. City of Chicago*, 415 N.E.2d 481, 487 (Ill. App. 1980) ("Malice may be inferred from want of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved.").

3. The defendants' request to include an instruction to the jury to check either "For Plaintiff" or "For Defendant" on each claim is granted. The defendants request to use the language "as to" instead of "against" to designate each claim is granted.

4. The defendants are correct that "[w]here a plaintiff has suffered a single, indivisible injury," the verdict form should not invite the jury to assess a separate damage award for each claim. *Duran v. Town of Cicero*, 653 F.3d 632, 640 (7th Cir. 2011). Here, the plaintiffs' claims, if true, indicate that they have suffered two discrete injuries: First, the physical and emotional injuries sustained during the defendant's false arrest; and second, the expense incurred when defending against the prosecution the defendants' initiated. The court has thus eliminated the verdict form's line for damages from each claim, and has instead included one line for physical and emotional injury incurred from the arrest, and another line for the expenses incurred defending against the prosecution. *See*

## STATEMENT

*Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 315 (7th Cir. 2010) (en banc) (Sykes, J., dissenting) ("Damages *may* be measured *by category*-that is, the verdict form may have separate line-item inquiries for economic damages (medical expenses, lost wages, and other pecuniary losses) and noneconomic damages (pain and suffering, loss of consortium, etc.).").

5. The defendants object because the court did not include an instruction regarding impartiality with respect to race, color, religion, national ancestry, or sex. The defendants did not request that instruction in their proposed jury instructions (Dkt. No. 69). Moreover, the committee comments to the Seventh Circuit Civil Cases Pattern Jury Instruction 1.01 states that the instruction "should not be given unless a party has a legitimate concern about the possibility of influence by one or more of these factors." The defendants have articulated no such concern, so the court will not add the instruction.

6. The defendants object to the inclusion of an instruction allowing the jury to consider the defendants' financial condition when awarding punitive damages, because they do not intend to present evidence of their financial condition. The plaintiffs could present such evidence, however, so the instruction will remain at this time.

*James F. Holderman*

IN THE UNITED STATES DISTRICT COURT

09C1726 Orlando Edwards and Lee Edwards vs. Chicago Police Officer J. Haritos et al.

## Conspiracy

Plaintiff Thaddeus Jimenez claims that Jerome Bugocki and Mark Sanders conspired to concealed material exculpatory and/or impeachment evidence from the prosecutors. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

(1) Defendants Bogucki and Sanders entered into an agreement amongst themselves to conceal material exculpatory and/or impeachment evidence from the prosecutors, and

(2) Defendants Bogucki and Sanders concealed material exculpatory and/or impeachment evidence from the prosecutors as a result of an overt act taken in furtherance of the agreement.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against one or more of the Defendants, then you should find for Plaintiff against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendants, and you will not consider the question of damages.


Defendants' Proposed Jury Instruction No. 5

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## Plaintiff's Objection to
## Defendants' Instruction No. 5

Defendants' definition of conspiracy is unduly narrow.

A conspiracy need not be limited to the named Defendants, but may include other unnamed co-conspirators. Plaintiff's Instruction No. 28 fixes that shortcoming.

## Personal Involvement

Plaintiff must prove by a preponderance of the evidence that Jerome Bogucki, Raymond Schalk, and Mark Sanders *were* personally involved in the conduct that Plaintiff complains about. You may not hold Jerome Bogucki, Raymond Schalk, and Mark Sanders liable for what other employees did or did not do.

Defendants' Proposed Jury Instruction No. 6

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


Seventh Circuit Pattern Instruction 7.02

**Plaintiff's Objection to**
**Defendants' Instruction No. 6**

Plaintiff's objects on the basis of the Stipulation reached with the City of Chicago. As the Court has been advised, the parties remain hopeful they can negotiate a resolution.

## Probable Cause To Charge Definition

Let me explain what probable cause means. There is probable cause to charge someone with a crime if a prudent person would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what Defendants knew and what reasonably trustworthy information Defendants had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. If there was probable cause, Defendants did not need to do more investigation to uncover evidence that Plaintiff was innocent.

The fact that plaintiff's conviction was subsequently vacated and that he received a certificate of innocence does not, by itself, mean that the officers lacked probable cause to charge plaintiff with murder.

There is probable cause to charge someone with murder if an eyewitness reports to the police that he observed a certain person kill someone.

Defendants' Proposed Jury Instruction No. 7

7th Cir. Pattern Instruction 7.06 and 7.07 (modified)
*Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006); *Mustafa,* 442 F.3d at 548;
*Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000);
*Spiegel v. Cortese*, 196 F.3d 717, 724 (7th Cir. 1999);
*Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432, 439 (7th Cir.1986),
*Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991);
*Gerald M. v. Conneely*, 858 F.2d 378, 381 (7th Cir. 1988).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**Plaintiff's Objection to
Defendants' Instruction No. 7**

Plaintiff's proposed Instruction No. 29, approved by Judge
Holderman, contains a superior definition of probable cause for
purposes of malicious prosecution.

Alternatively, if the Defendants are to be permitted to
include argumentative snippets from the case law that shade the
probable cause in one direction, the instruction should be more
balanced, and should include the following additions:

The complaint of a single witness or putative victim alone
generally is sufficient to establish probable cause to arrest
unless the complaint would lead a reasonable officer to be
suspicious, in which case the officer has a further duty to
investigate. Beauchamp v. City of Noblesville, 320 F.3d 733, 743
(7th Cir. 2003). The defense of probable cause is inapplicable
where probable cause is based on fabricated evidence. Finwall v.
City of Chicago, 490 F. Supp. 2d 918, 923 (N.D. Ill. 2007)
(citing Smith v. City of Chicago, 913 F.2d 469, 473 (7th Cir.
1990); Kingsland v. City of Miami, 382 F.3d 1220, 1226-28 (11th
Cir. 2004)); Manning v. United States, 2006 WL 3240112, at *33
(N.D. Ill. Dec. 26, 2006). Sufficient reliability must support
any statement used to help establish probable cause. If a
criminal suspect is offered leniency if he provides information
against others, that information is clearly suspect because of
the obvious motivation to shift blame to someone else. Kincaid
v. Ames Dept. Stores, Inc., 283 Ill. App. 3d 555 (1st Dist.
1996).