IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 8081 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**PLAINTIFF'S POSITION STATEMENT REGARDING
THE COURT'S PROPOSED PRELIMINARY INSTRUCTIONS**

Plaintiff, by his counsel, appreciates the opportunity to comment on the proposed instructions. Plaintiff has no objection to any of them, with two exceptions.[1]

**Due Process Instruction**

The due process claim as Plaintiff has pled it, described it in the FPTO, and intended to pursue it at trial, is not limited to a Brady violation for withholding of exculpatory information. That is certainly one way that Plaintiff can establish a due process violation, but there are others. Plaintiff's proposed instruction included the following alternative ways to prove liability.

First, settled Supreme Court case law provides that due process is also violated where unduly suggestive identification procedures deprive the defendant of a fair trial. Manson v. Brathwaite, 432 U.S. 98 (1977). On that basis, the Seventh Circuit recognizes an actionable Section 1983 due process

---

[1] Instruction No. 9 contains a typographical error in the second paragraph when describing the parties' identities.

violation where police employ unduly suggestive procedures result in a faulty eyewitness identification which, when introduced at trial, deprives the accused of due process. Alexander v. City of South Bend, 433 F.3d 550, 555 (7th Cir. 2006); Hensley v. Carey, 818 F.2d 646, 648-50 (7th Cir. 1987). As articulated by that case law, there is no Brady-component to this kind of due process violation. The police can disclose that they have tainted eyewitness identifications, but nonetheless violate due process. Alexander, 433 F.3d at 555 ("The Constitution does not require that police lineups, photo arrays, and witness interviews meet a particular standard of quality. It does, however, guarantee the right to a fair trial--in this context, via the due process clause of the Fourteenth Amendment--and that right is violated if unduly suggestive identification techniques are allowed to taint the trial.").

That is exactly what Plaintiff alleges here in terms of the photographs of Mr. Jimenez that were shown to the eyewitnesses prior to the lineup, as well as the fact that these witnesses were (allegedly) fed his name, all in a criminal case where the only evidence against him was eyewitness testimony. That alleged misconduct, if proved, violates due process even if it was known and disclosed, and should be actionable if the jury finds that it occurred.

Second, due process is also violated if a witness commits perjury on a material subject at the criminal trial. Smith v. Phillips, 455 U.S. 205, 220 n.10 (1984); Manning v. Miller, 355 F.3d 1028, 1031 (7th Cir. 2004) ("Manning I"). While the

2

Manning I opinion properly recognized that this sort of due process violation would ordinarily be barred by absolute immunity, here, the parties have reached a stipulation by which the City agrees to have judgment entered against it in the event that Plaintiff can show any constitutional violation, including one for which the individual officers would have enjoyed immunity.[2]  Plaintiff pled and intends to prove perjury was committed at his criminal trial in a manner that violated his right to due process.  That case law, too, stands independent of any Brady-based withholding violation.

Third, due process is also violated if the police fabricate false evidence, irrespective of whether there has been adequate Brady disclosures.  Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness.  A police officer violates the Due Process Clause if he assists witnesses in fabricating false evidence or testimony, where the result denies a criminal defendant a meaningful opportunity to present a complete defense.  California v. Trombetta, 467 U.S. 479, 485 (1984); Mooney v. Holohan, 294 U.S. 103, 112 (1935); United States v. Agurs, 427 U.S. 97, 112 (1976); Napue v. Illinois, 360 U.S. 264 (1959).

Plaintiff also alleges that here.  Plaintiff contends that he was framed, and that the case against him was fabricated by

---

[2]  While this Court's summary judgment opinion indicated that it had not read the parties' original stipulation to require that result, the parties have reached a revised and amended stipulation that makes that agreement explicit.  R. 199, ¶ 4.

the Defendants. While that may be independently actionable as a <u>Brady</u> violation (assuming the jury did not conclude the malfeasance was adequately disclosed, or could have been discovered by reasonable diligence), Supreme Court case law establishes that it independently violates due process even if the police disclosed what they did in their police reports, and even if Plaintiff could have discovered it on his own. <u>Id.</u> Moreover, there is no question here about whether qualified immunity might have barred a civil claim in those terms because (a) the Defendants opted against a qualified immunity appeal, but more importantly, (b) as stated, the parties have stipulated that Plaintiff is entitled to judgment if he can show any constitutional violation at trial, irrespective of whether an individual officer might have been entitled to immunity.

For all of these reasons, Plaintiff originally proposed a due process instruction that provided alternative methods to establish liability, each of which was dependent on the jury's conclusion that the resulting violation had a reasonable likelihood of affecting the outcome of the trial. That instruction, fashioned by Judge Shadur, was considered by the Court in <u>Dominguez v. Hendley</u>, 545 F.3d 585, 590 (7th Cir. 2008), <u>cert denied</u>, 129 S. Ct. 2381 (2009), with apparent approval. Plaintiff urges its adoption here, or else some variation that permits alternative ways for Plaintiff to prove liability on the due process claim.[3]

---

[3] The conspiracy claim should be adjusted to reflect the foregoing as well.

4

**Malicious Prosecution Instruction**

Plaintiff agrees with and does not object to the malicious prosecution claim, except in one respect.

Read literally, the second element of the Court's proposed instruction shifts the inquiry from what the Defendants knew, to what was objectively true to any observer, including people other than the Defendants. In other words, if there was probable cause to have arrested Plaintiff (say because his DNA was found at the scene) that would defeat the claim as articulated in this instruction, even if the Defendant Officers did not know anything about that DNA evidence.

That is not how the claim is supposed to work. Probable cause exists only if the facts *known to the officers* would warrant a prudent man in believing that the suspect had committed a crime. Maryland v. Pringle, 540 U.S. 366, 124 S. Ct. 795, 799 (2003); Beck v. Ohio, 379 U.S. 89, 91 (1964); Sornberger v. City of Knoxville, 434 F.3d 1006, 1013 (7th Cir. 2006). In order to prevail on his malicious prosecution claim, the relevant element is actually more accurately states as follows: (2) the defendant lacked probable cause to have commenced or continued the proceeding, or some such variation. See Swick v. Liautaud, 169 Ill.2d 504, 512 (2006). This sentence should be substituted for the first sentence of element number two in the Court's proposed instruction.[4]

---

[4] Plaintiff's own proposed instruction suffered from the same defect. Plaintiff apologizes to the Court and respectfully withdraws it, replacing the incorrect element number 2 with the formulation in the text of this Memo.

**Conclusion**

Plaintiff respectfully urges the Court to modify two of its proposed instructions in conformity with the points set forth above, and otherwise states no objection to the remainders.

RESPECTFULLY SUBMITTED:


/s/ Jon Loevy
_____
Attorneys for Plaintiff


Jon Loevy
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607

Stuart Channen
VALOREM LAW GROUP
35 East Wacker, Suite 3000
Chicago, IL 60601

Locke Bowman
RODERICK MACARTHUR JUSTICE CENTER
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611

**CERTIFICATE OF SERVICE**

  I, Jon Loevy an attorney, certify that on January 6, 2012, I served the attached document by ECF electronic filing to counsel of record.

                s/ Jon Loevy