UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-8081 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| JEROME BOGUCKI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S POSITION STATEMENT REGARDING THE COURT'S PROPOSED PRELIMINARY INSTRUCTIONS**

Defendant Jerome Bogucki, by his undersigned attorneys, hereby submits his response to plaintiff's position statement on the Court's proposed preliminary jury instructions and states as follows:

**Introduction**

The only Due Process claim alleged in this case is a denial of a right to a fair trial, i.e., a *Brady* claim. *See* Plaintiff's Complaint, Count I, at pg. 9. This allegation is consistent with well-established Seventh Circuit precedent that the only claim at plaintiff's disposal to seek redress for alleged fabricating and withholding of evidence is a denial of a right to a fair trial claim based on a *Brady* violation. *Newsome v. McCabe,* 256 F.3d 747, 752 (7th Cir. 2001). Fabricating evidence, creating unduly suggestive lineups and perjury, in and of themselves, do not constitute due process violations. *Newsome,* 256 F.3d at 752; *See Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006); *see also Sornberger v. City of Knoxville,* 434 F.3d 1006, 1027-28 (7th Cir. 2006); *Harris v. Kuba,* 486 F.3d 1010, 1016-17 (7th Cir. 2007). All of these allegations must be examined through the guise of *Brady* – the federal claim that has been designated by the Seventh Circuit for these allegations. Instead of trying to wedge these allegations into *Brady*,

plaintiff wants to be able to recover for merely proving these allegations, irrespective of whether it denied him his right to a fair trial. This is precisely the type of hybrid due process claim that the Supreme Court and the Seventh Circuit have cautioned against. *See McCann v. Mangialardi,* 337 F.3d 782, 786 (7th Cir. 2003) (warning that plaintiffs cannot "do an end run around...foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of a due process claim under the Fourteenth Amendment").

The Seventh Circuit was not the first to caution against the amorphous due process approach – the Supreme Court in *Albright* held that it was important to stay away from this approach as it lacks "guideposts." *Albright v. Oliver*, 510 U.S. 266, 284 (1994). *Albright* addressed the issue of whether a plaintiff can successfully convert "every alleged injury which may have been inflicted by a state official acting under 'color of law' into a violation of the Fourteenth Amendment." *Id.* By the plain reading of *Albright*, the answer to this question is a resounding no. *Id.* In the words of *Albright's* four justice plurality, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.* at 273. In Justice Kennedy's swing concurrence, substantive due process claims are brought even closer to their end. Under the Kennedy approach, so long as there is a state law alternative remedy, e.g., malicious prosecution, substantive due process should not be applied even to cases where a plaintiff has no specific constitutional claim. *Id*. at 285, *citing Parratt v. Taylor*, 451 U.S. 527, 535-544. "The commonsense teaching of *Parratt* is that some questions of property, contract, and tort law are best resolved by state legal systems without resort to the federal courts, even when a state actor is

2

the alleged wrongdoer." *Id.* "That said, if a State did not provide a tort remedy for malicious prosecution, there would be force to the argument that the malicious initiation of a baseless criminal prosecution infringes an interest protected by the Due Process Clause and enforceable under § 1983...[b]ut given the state tort remedy, we need not conduct that inquiry in this case." *Id.* As such, the *Albright* plaintiff should have sought an Illinois law malicious prosecution claim. *Id.* (J. Kennedy, concurring).

The plaintiff in *McCann*, like Jimenez, attempted to claim his due process right to a fair trial was violated by defendant "purposefully creating false evidence for the purpose of procuring [his] criminal conviction and imprisonment." *McCann,* 337 F.3d at 786. Judge Manion, writing for the Court, rejected McCann's attempt to couch this claim as substantive due process "because it is nothing more than a recast of his Fourth Amendment false arrest claim...in the guise of a substantive (rather than procedural) due process violation." *Id.* Continuing, as discussed above, "[t]he Supreme Court has made it clear that a substantive due process claim may not be maintained when a specific constitutional provision (here the Fourth Amendment) protects the right allegedly violated." *Id.*

Here, Jimenez claims the same thing – defendant fabricated evidence against him. The Seventh Circuit was quick to reject this approach. The *McCann* court did not stop there and mirroring Justice Kennedy's concurrence in *Albright*, further dismissed *McCann's* substantive due process claim "to the extent [he] maintains that [defendant] denied him due process by causing him to suffer '[a] deprivation of liberty from a prosecution and a contrived conviction ... deliberately obtained from the use of false evidence,' his claim is, in essence, one for malicious prosecution, rather than a due process violation." *Id.* As defendant has explained, "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution."

3

*Id*., citing *Newsome*, 256 F.3d at 750. The Seventh Circuit really put it best by concluding that:

> In sum, McCann cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.

*Id.*

Plaintiff's malicious prosecution claim provides him with all the redress he seeks based on the lineups, the testimony and the alleged fabrication of evidence he is seeking to wedge into a federal due process claim. The Court should not expand substantive due process as plaintiff requests and his federal claim should be limited to the denial of a fair trial claim pled up and till this point. *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992) (doctrine of judicial restraint requires the utmost care when involved in "break[ing] new ground in [the] field" of substantive due process).

As further explained below, Plaintiff's latest independent due process allegations run afoul of well established Seventh Circuit precedent of *Newsome, Alexander, Gauger, Sornberger, Harris* and their progeny.

**Unduly Suggestive Lineups Do Not Create Independent Due Process Claims**

There is no Seventh Circuit case that states that a plaintiff can assert an unduly suggestive lineup claim independent of *Brady* allegations. It is true that *Alexander* does not explicitly cite to *Brady* but it does not say that Alexander's claim can stand independent of *Brady* either. In fact, the court is clear that "flawed identification procedures **are not** themselves constitutional violations; plaintiffs must show *how* those flawed procedures compromised the constitutional right to a fair trial." *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006). *Brady* is the right to a fair trial. *Newsome,* 256 F.3d at 752. The *Alexander* court explained:

> []Alexander has told us almost nothing about his trial. He has only very generally asserted that some of the witnesses who viewed the photo arrays and lineup

>testified. This is insufficient to forestall summary judgment. *Hensley* 's point is this: flawed identification procedures are not themselves constitutional violations; plaintiffs must show *how* those flawed procedures compromised the constitutional right to a fair trial. What identification evidence was actually admitted at trial? What did the victims, eyewitnesses, and police officers say? Were they cross-examined? Were the circumstances surrounding the identification and the police procedures put before the jury? What exhibits were admitted on this issue? Was any objection or motion to suppress the identification evidence made? What other evidence tended to link the defendant to the crime? Each of these factors-the list is illustrative, not exhaustive-have a bearing on whether a fair trial was had.

*Alexander*, 433 F.3d at 555.

*Alexander* may not cite *Brady*, but the Court's analysis sure sounds like *Brady*. For instance "Were the circumstances surrounding the identification and the police procedures put before the jury?": that's a disclosure issue. "What other evidence tended to link the defendant to the crime?": that's materiality. This is clearly a denial of fair trial analysis. Tellingly, no Seventh Circuit case has been issued before or after *Alexander* that allows for an unduly suggestive lineup claim independent of *Brady* allegations. As such, plaintiff cannot maintain a stand alone unduly suggestive lineup claim outside of *Brady*.

### Perjury Does Not Form The Basis For A Due Process Claim

To begin with, Jerome Bogucki is entitled to immunity for any direct testimony he gave at the criminal trial. Plaintiff's reliance on a stipulation to strip Bogucki of immunity is improper and misleading. In arriving at the stipulation, there was no discussion or meeting of the minds among the parties that plaintiff was going to be proceeding on any claims outside of *Brady*. The only discussions on the issue of immunity concerned whether the officers were going to assert qualified immunity on appeal on actions they took in the case and the defendants indicated they would not. That is the only reason the City agreed to that language in the stipulation based on plaintiff's expressed concern that the defendants could assert a qualified immunity defense.

5

Plaintiff never raised this issue and his latest attempt to swindle new claims into the case at the last minute should be rejected.

Moreover, even if the stipulation were binding on this point, Bogucki, himself, never agreed to waive any immunity defenses. While the City may be paying compensatory damages in this case, Bogucki will be personally on the hook for punitive damages. The language of the stipulation is only directed against the City paying – irrespective of immunity. Therefore, despite the City agreeing to pay despite Bogucki's assertion of immunity, Bogucki never agreed to pay punitive damages despite immunity. Bogucki is not agreeing to pay potential punitive damages on claims he is entitled to immunity under. Therefore, plaintiff's attempt to fashion an independent due process claim based on perjury should be rejected.

Plaintiff's reliance on *Manning I* is also misleading. *Manning I* did not recognize a Section 1983 claim based on perjury alone. In fact, just the opposite. The court rejected an attempt to fashion what were *Brady* claims into perjury claims so that defendants could prevail at the pleading stage by raising immunity. *Manning v. Miller*, 355 F.3d 1028, 1033 (7th Cir. 2004). *Manning* actually stands for the proposition that the claims the plaintiff was making – similar to the ones he is making here by the same plaintiff's counsel – are *Brady* allegations and not perjury allegations.

Finally, the Seventh Circuit has been clear: "The Constitution does not require that police testify *truthfully;* rather 'the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies.'" *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1027-28 (7th Cir. 2006); *Harris v. Kuba,* 486 F.3d 1010, 1016-17 (7th Cir. 2007). The Seventh Circuit has not allowed due process claims to proceed based on lying alone. Therefore, for all the above stated reasons, the Court should reject plaintiff's new due process claim.

**A Due Process Claim Based On Fabrication of Evidence Is Not Actionable**

Plaintiff's citation to four Supreme Court cases for the general proposition that the prosecution has an obligation to report to the defendants when a witness lies is very misleading for purposes of this case. Even if these cases stood for the proposition that police are not permitted to fabricate evidence, they are of no use or relevance to this case. None of these cases stand for the proposition that a plaintiff can maintain a federal civil action against a police officer (or anyone for that matter) for fabricating evidence.

It is well settled that a plaintiff cannot maintain a due process claim based on his assertion that defendants fabricated evidence. *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001)*; see also Sornberger*, 434 F.3d at 1027-28 (fabricating police report, lying and perjury do not constitute due process violations); *Harris v. Kuba*, 486 F.3d 1010, 1016-17 (7th Cir. 2007) (same). The only claim at plaintiff's disposal to seek redress for alleged fabricating and withholding of evidence is a due process claim, specifically a denial of a right to a fair trial claim based upon a *Brady* violation. *Newsome*, 256 F.3d at 752. Plaintiff appears to be using the guise of "fabricating evidence" and "due process" to backdoor a federal malicious prosecution claim under Section 1983, which is prohibited in the Seventh Circuit. *Newsome,* 256 F.3d at 752; *McCann v. Mangialardi,* 337 F.3d 782, 786 (7th Cir. 2003)(warning that plaintiffs cannot "do an end run around...foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of a due process claim under the Fourteenth Amendment").

One last note: plaintiff's reliance on *Dominguez v. Hendley*, 545 F.3d 585 (7th Cir. 2008) for the proposition that the Seventh Circuit has approved a due process claim based on fabrication of evidence is very misleading and grossly overstated. This is not a statement of the

7

Seventh Circuit's holding; it is merely a recitation of the jury instruction given in the district court. *Dominguez*, 545 F.3d at 590. In actuality, the Seventh Circuit analyzed the case by considering whether the evidence at trial was sufficient to support a *Brady* claim in general. *Id.* It did not address the second two components of the instruction as distinct claims. *Id.* It is also noteworthy that the jury instruction in *Dominguez* was worded the way it was because defense counsel agreed to the instruction. *See* Oct. 13, 2006 Trans. in *Dominguez v. Hendley* 04 C 2907 at pp. 1638-1640, attached hereto as Exhibit A. In fact, as was quite clear after the trial, the defense team regretted their decision, but was forced to live with it on appeal. *See* Dec. 21, 2007 Trans. in *Dominguez v. Hendley* 04 C 2907 at pp. 2-6 and 16-18, attached hereto as Exhibit B. Judge Shadur, who presided at the trial, still dealing with the jury instructions over a year later, explained the defendants' agreement to an erroneous instruction as follows: "Unlike Contracts 101 in law school, silence connotes acquiescence." *See* Jan. 11, 2008 Trans. in *Dominguez v. Hendley* 04 C 2907 at p. 12, attached hereto as Exhibit C. Accordingly, *Dominguez* probably stands best for the proposition that, if the parties agree to proceed under bad law, then bad law governs the case.

## Malicious Prosecution Claim Should be Left As Is

Both sides have agreed to proceed under the approach that guilt and innocence is relevant at the trial – irrespective of whether the officers knew about it or not. As explained in defendant's brief on this point – "even if the plaintiff in malicious prosecution can show that the defendant acted maliciously and without probable cause in instituting a prosecution, it is always open to the defendant to escape liability by showing in the malicious prosecution suit itself that the plaintiff was in fact guilty of the offense with which he was charged." *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000). Courts across the country have recognized guilt as a complete

defense to a malicious prosecution claim. *See Sessoms v. Union Sav. & Trust Co.*, 338 F.2d 752, 756-57 (6th Cir. 1964); *Davis v. Giles*, 769 F.2d 813, 816 (D.C. Cir. 1985) (Wald, J., dissenting); *Ienco v. City of Chicago*, 148 F. Supp. 2d 938, 945 (N.D. Ill. 2001) (reversed in part on other grounds by *Ienco v. City of Chicago*, 286 F.3d 994 (7th Cir. 2002)); *James v. Fast Fare, Inc.*, 685 F. Supp. 565, 567-68 (D. S.C. 1988); *Barnes v. Borough of Pottstown*, No. 93–1498, 1994 WL 114359, at *3 (E.D. Pa. Mar. 30, 1994); *Wal-Mart Stores, Inc. v. Blackford*, 449 S.E.2d 293, 295 n. 4 (Ga. 1994); *Shoemaker v. Selnes*, 349 P.2d 473, 476 (Or. 1960). "This defense does not depend . . . upon what the malicious prosecution defendant knew when he filed charges. Rather, it is closely related to the defense of truth in a defamation action and is supported by a similar public policy favoring exposure of the guilty." *Junod v. Bader*, 458 A.2d 251, 254 n. 3 (Pa. 1983). As such, the elements of the malicious prosecution claim should remain as drafted.

## Conspiracy Claim Should Be Limited To The Former Defendant Officers

On the Friday phone conference, defendants raised an objection to the current conspiracy claim covering any potential city employee who may have conspired with Bogucki. Defendants relied on plaintiff's complaint in raising this objection. The Court pointed out that the complaint covered unknown city employees on this issue. In reviewing plaintiff's response to a direct interrogatory on this point, plaintiff attested that his conspiracy claim is limited to Bogucki, Montilla, Ryan, Sanders, Schalk, and Whiteman only. *See* Interrogatory Response at Pgs. 3-4, attached hereto as Exhibit D. Therefore, the conspiracy claim should be limited to the individuals plaintiff identified in his response to this interrogatory.

## Conclusion

Therefore, plaintiff should not be allowed to proceed with any independent due process claim outside of a *Brady* claim. This is consistent with the well-settled law in the Seventh

9

Circuit. This Court has established jury instructions in *Manning v. Miller*, tried by plaintiff's counsel, that fashion all of plaintiff's claims under *Brady*. The Court's established instructions on the denial of a fair trial claim – as outlined in the proposed preliminary instructions – should govern the federal claims in this case.

                                                      Respectfully Submitted,

                                                      DEFENDANTS

                       BY:

                                                      /s/ Joan E. Ahn
                                                      One of the Attorneys for Defendant

Andrew M. Hale
Avi T. Kamionski
Joan E. Ahn
Andrew M. Hale & Associates, LLC
53 W. Jackson, Suite 1800
Chicago, IL 60604
312-341-9646

**CERTIFICATE OF SERVICE**

    I, Joan E. Ahn, an attorney, hereby certify that on January 8, 2012 I caused DEFENDANT'S RESPONSE TO PLAINTIFF'S POSITION STATEMENT REGARDING THE COURT'S PROPOSED PRELIMINARY INSTRUCTIONS to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                               /s/ Joan E. Ahn