**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 C 8081 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| JEROME BOGUCKI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO BAR DEFENDANT
FROM MENTIONING A JUDGE'S DECEMBER 19, 2011 FINDING OF GUILT
AGAINST HIM FOR POSSESSION OF A CONTROLLED SUBSTANCE**

Defendant Jerome Bogucki, by his undersigned attorneys, hereby submits his response to Plaintiff's motion to bar a December 19, 2011 finding of guilt against him, and states as follows:

Plaintiff's motion to bar Defendant from mentioning Judge Rosemary Higgins' December 19, 2011 finding of guilt against him for possession of a controlled substance should be denied because Judge Higgins' finding and simultaneous entry of judgment against Plaintiff is a "conviction" under Illinois law.

As an initial matter, Defendant does not intend to offer Plaintiff's December 19, 2011 conviction as substantive evidence to negate any element of Plaintiff's claims or to prove or disprove any fact essential to a judgment in this matter. Defendant also does not intend to admit the conviction to show that Plaintiff did, in fact, possess psilosybin at any point in time. Rather, Defendant intends to offer the conviction solely for impeachment. Use of the conviction therefore should be analyzed under Rule 609. *See United States v. Irvin*, 787 F.2d 1506, 1516-17 (11th Cir.) (acknowledging two avenues for using convictions under the Federal Rules of

Evidence—admission as evidence under Rule 803(22) "for some purposes" and use for impeachment under Rule 609).

Federal Rule of Evidence 609 governs the admission of prior convictions as impeachment evidence. As relevant to this civil action, Rule 609 provides:

> For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witnesses was convicted . . .

Fed. R. Evid. 609(a)(1). Rule 403 provides:

> evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Plaintiff's December 19, 2011 conviction satisfies both of these elements.

Following a bench trial on December 19, 2011, state-court Judge Higgins found Plaintiff guilty of possession of a controlled substance under 720 ILCS 570/402(c). (*See* Jan. 4, 2012 Cert. Statement of Conviction, attached hereto as Exhibit A.) Violation of 720 ILCS 570/402(c) is a Class 4 felony and carries a potential penalty of one to three years imprisonment. *See id.* (establishing that possession of a controlled substance under 720 ILCS 570/402(c) is a class 4 felony); 730 ILCS 5/5-4.5-45 (setting forth sentencing guidelines for class 4 felonies under Illinois law). Consequently, the first criteria of Rule 609 has been met by Plaintiff's December 19, 2011 conviction.

Plaintiff, however, does not contend that the conviction would not qualify as impeachment evidence for lack of sufficient penalty. Instead, Plaintiff argues that the conviction is not actually a "conviction" because it lacks finality. To support his argument, Plaintiff cites to

Massachusetts law, Ohio law, and federal law—everything but Illinois law. But Illinois law controls the definition of a conviction in this case because Plaintiff was convicted under Illinois law.

> The Illinois Criminal Code defines "conviction" as follows:
>
> "Conviction" means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury.

720 ILCS 5/2-5. In construing the term "conviction" under the Unified Code of Corrections, which provides a definition of "conviction" that is identical to the definition provided by the Illinois Criminal Code, the Supreme Court of Illinois explained:

> A "judgment of conviction" and a "sentence" are separate and distinct, because, according to the principles of statutory construction, material to either side of the disjunctive "or" must be viewed separately. The term "sentence" means the disposition imposed by the court on a *convicted* defendant. This definition requires that a person be convicted of an offense before he can be sentenced. It follows, therefore, that a "judgment of conviction" is the circuit court's entry of judgment on a verdict of guilty.

*People v. Franklin*, 552 N.E.2d 743, 756 (Ill. 1990) (internal citations omitted) (emphasis in original). Moreover, in considering the specific question of "what constitutes a 'conviction'—a verdict of guilt, a pronouncement of judgment, or the imposition of a sentence"—an Illinois appellate court has explained: "While imposition of a sentence completes the judgment and makes if final for purposes of an appeal, a judgment of conviction is rendered once the trial court adjudicates a defendant guilty." *People v. Medrano*, 669 N.E.2d 114, 117 (Ill. App. Ct. 1996) (overruled on other grounds). The *Medrano* court continued: "[A]lthough the trial judge stated the he was 'going to' enter judgment on all counts of the guilty charge we construe his statement to indicate the pronouncement of judgment on all counts, which a clerk would then enter." *Id*.

Here, although the December 19, 2011 criminal judgment against Plaintiff is not final inasmuch as it is not yet appealable, the December 19, 2011 bench trial resulted in a "conviction" under Illinois law. Specifically, following presentation of evidence and argument, state-court Judge Higgins found Plaintiff guilty of possession of a controlled substance. (Dec. 19, 2011 Hr'g Tr. 75:20-21, attached hereto as Exhibit B.) The court, however, did not stop there. The court continued: "I'm asking [counsel] if there's any motions on the finding of guilty and I enter judgment on that finding." (*Id.* at 76:3-5.) Thus, on December 19, 2011, Judge Higgins adjudicated Plaintiff guilty of possession of a controlled substance and entered judgment at that time. The court's December 19, 2011 ruling therefore constitutes a "conviction" under Illinois law.

Use of the conviction also comports with Federal Rule of Evidence 403.[1] Rule 403 provides that "evidence may be excluded if its probative value is *substantially outweighed* by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added). First, the case law and treaties relied on by Plaintiff to support his assertion that there are permissible and impermissible uses of prior convictions for impeachment are not relevant to analysis of the use of prior convictions for impeachment in this case because the law relied on by Plaintiff evolved from criminal proceedings, which afford a criminal defendant greater rights and protections than a civil plaintiff. *See, e.g.,* Fed. R. Evid. 609(b) (establishing higher standard for use of prior convictions against "accused" than Rule 403 for other witnesses); *see also* Fed. R. Evid 609 advisory committee notes (referencing unique risk of prejudice to "defendant").

---

[1] Plaintiff claims that Defendant requested an extension of the trial date for the purpose of introducing his conviction at trial. This is contrary to the facts. Defendant's motion was prompted by Plaintiff's eleventh-hour disclosure of Kent Gibson, and actually sought to bar Gibson, only seeking an extension of the trial date in the alternative.

Second, use of the December 19, 2011 conviction against Plaintiff during this civil trial is no different than the use of any other conviction that meets the criteria of Rule 609 against any other civil plaintiff. That is, the probative value of the conviction for impeachment purposes is not substantially outweighed by the danger of unfair prejudice. The timing of Plaintiff's conviction is well within the time period of allowable convictions under Rule 609. *See* Fed. R. Evid. 609(b). Because Plaintiff is not a criminal defendant, there is less concern that the jury is likely to misuse the evidence for purposes other than impeachment. *See Ellis v. Country Club Hills,* No. 06 C 1895, 2011 WL 6001148, at *4 (N.D. Ill. Dec. 1, 2011) (Dow, J.). Finally, the parties' testimony and credibility will be central to the jury's determination of liability in this case. The jury therefore is entitled to have complete information concerning Plaintiff in order to evaluate Plaintiff's truthfulness.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Bar Defendant from Mentioning a Judge's December 19, 2011 Finding of Guilt Against Him for Possession of a Controlled Substance.

Respectfully Submitted,

DEFENDANT

BY:

/s/ Joan E. Ahn
One of the Attorneys for Defendants

Andrew M. Hale
Avi T. Kamionski
Joan E. Ahn
Andrew M. Hale & Associates, LLC
53 W. Jackson, Suite 1800
Chicago, IL 60604
312-341-9646

**CERTIFICATE OF SERVICE**

    I, Joan E. Ahn, an attorney, hereby certify that on January 8, 2012 I caused DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO BAR DEFENDANT FROM MENTIONING A JUDGE'S DECEMBER 19, 2011 FINDING OF GUILT AGAINST HIM FOR POSSESSION OF A CONTROLLED SUBSTANCE to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                                      /s/ Joan E. Ahn