# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8081 | **DATE** | 1/13/2012 |
| **CASE TITLE** | Jimenez vs. Bogucki | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part defendant's motion to preclude plaintiff's expert Gregg McCrary and plaintiff's motion to bar certain opinions of defendant's expert Michael Bumcrot as described below.

■[ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

Defendant has moved to preclude plaintiff's police practices expert Gregg McCrary, and plaintiff has moved to bar certain opinions to be offered by defendant's police practices expert Michael Bumcrot. The Court grants each motion in part and denies each in part as stated below.

*Bumcrot.* Plaintiff seek to bar Bumcrot from testifying that the police had probable cause to arrest and prosecute plaintiff for murder. Defendant says that "Bumcrot will not opine that the officers had probable cause," Def. Resp. (dkt. no. 209) at 5, and the Court agrees that this opinion should be excluded. It is not inappropriate, however, for Bumcrot to testify that *if* one concludes that the police had probable cause to charge plaintiff, then proper police practice did not require them to further investigate others – in particular, Juan Carlos Torres – unless prosecutors directed them to do so. This is essentially the flip side of an opinion that plaintiff intends to offer via McCrary, and the Court sees nothing improper about it, because it involves a matter outside the ordinary ken of jurors on which an expert can contribute something meaningful that will assist the jury.

Plaintiff also seeks to preclude Bumcrot from testifying that the lineup in which plaintiff appeared was fair and not unduly suggestive. Defendant says that Bumcrot will testify only that because Tina Elder says the photograph she saw before viewing the lineup did not affect her, the lineup was fair. This goes a bit too far, because it amounts to a judgment of Elder's credibility, which is inappropriate. Bumcrot may, however, testify that *if* Elder is correct that the photograph did not affect her – a judgment that is appropriately reserved to the jury – then the lineup was fair. This, again, is essentially the flip side of an opinion that plaintiff intends to offer via McCrary.

*McCrary.* Defendant seeks to bar McCrary from testifying altogether, on two grounds. First, he contends that McCrary has insufficient expertise to opine regarding murder investigations because he "has no police

**STATEMENT**

background." Def.'s Mot. to Bar (dkt. no. 206) at 2 (heading). That is incorrect. McCrary worked as an agent of the Federal Bureau of Investigation for twenty-five years. Though some Chicago police officers perhaps might not view FBI agents as "police," both are law enforcement officers. In addition, plaintiff notes, without dispute by defendant, that McCrary, regularly investigated violent crimes both as a law enforcement officer and as a consultant to police departments for fifteen years. For this and the other reasons noted in plaintiff's response to the motion, McCrary unquestionably has sufficient expertise and background to testify regarding proper police practice in investigating a violent crime.

Defendant's second general objection is that McCrary's opinion is improper, and will not assist the jury, because it merely reiterates plaintiff's theory of the case that defendant and others coerced witnesses and influenced witnesses to identify plaintiff as the perpetrator. The Court disagrees. Plaintiff says that McCrary will not opine that witnesses were coerced, tricked, or influenced, Pl.'s Resp. to Def.'s Mot. to Bar (dkt. no. 231) at 5, and the Court agrees that such testimony would be inappropriate. There is nothing inappropriate, however, in McCrary testifying – as plaintiff proposes – that if one believes certain witnesses and disbelieves others, then the defendant did not engage in proper police practices. It is likewise not inappropriate for McCrary to testify that *if* Tina Elder was permitted to see a photograph of plaintiff before seeing a lineup that included him, this was inappropriate police practice because it risked tainting the reliability of any resulting identification.

The Court also rejects defendant's argument that it is inappropriate for McCrary to testify regarding the steps a reasonable police investigation would have involved given certain facts and assumptions. By way of example, one of the hotly disputed matters in this case involves whether, following receipt of information that implicated another person (Juan Carlos Torres), defendant ignored that information and instead maliciously caused plaintiff to be prosecuted. McCrary has sufficient background and expertise to opine on these points, as plaintiff argues. In addition, the Court finds that his opinion will assist the jury in understanding these issues, which are relevant regarding (among other things) the issue of malice, and that the opinion does not simply involve, as defendant contends, application of common sense.

Defendant argues that McCrary should not be permitted to opine regarding what led Cook County prosecutors to agree to vacate plaintiff's conviction and what led Cook County judges to grant that motion and issue him a certificate of innocence. Plaintiff does not dispute this, and the Court agrees that these matters are outside McCrary's expertise.

Defendant also objects to McCrary rendering an opinion that defendant, in pursuing charges against plaintiff and failing to investigate Juan Carlos Torres, may have been influenced by "[c]ognitive biases such as tunnel vision, confirmation bias, anchor traps, organization momentum and groupthink." McCrary Report at 10. First of all, the Court is persuaded, based on McCrary's background and expertise, that he has the expertise and a sufficient foundation to testify that these sorts of biases may exist or sometimes influence how police investigations are conducted. Second, the Court finds that McCrary can appropriately testify regarding what these concepts mean, how they can influence police investigations, and how a reasonable police investigator not influenced by these factors should have conducted the investigation at issue in this case. The Court agrees with defendant, however, that it is inappropriate for McCrary to testify that defendant or other police investigators actually were motivated by these or other factors. That would amount to an improper opinion regarding the state of mind of the defendant. *See generally Dahlin v. Evangelical Child and Family Agency*, No. 01 C 1182, 2002 WL 31834881, at *3 (N.D. Ill. Dec. 18, 2002).

Finally, the Court disagrees with defendant's contention that he should be able to elicit from McCrary on cross examination an opinion that, as they put it, "a juvenile with plaintiff's background is likely to engage in

**STATEMENT**

violent behavior." " Def.'s Mot. to Bar (dkt. no. 206) at 8 (heading). This is outside the subject on which plaintiff identified McCrary as an expert, and it is outside the scope of his report. In addition, permitting testimony on this subject would, as plaintiff argues, run headlong into the prohibition of Federal Rule of Evidence 404(b) regarding "propensity" evidence, not to mention the fact that it would violate an *in limine* ruling that the Court made after extensive briefing and argument.