UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-8081 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| JEROME BOGUCKI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENT TO HIS ORAL MOTION FOR MISTRIAL**

Defendant Jerome Bogucki, by his undersigned attorneys, hereby supplements his oral motion for a mistrial and states as follows:

**Introduction**

On January 13, 2012, Plaintiff called Victoria Jimenez, his mother, as a witness. On direct examination, plaintiff's counsel questioned Ms. Jimenez regarding a phone call she had with Defendant shortly after Plaintiff's arrest. Ms. Jimenez described giving Plaintiff's alibi to Defendant. Plaintiff's counsel then asked the open-ended question: "And how did Mr. Bogucki respond to that?" Ms. Jimenez, very emotionally and with manifest animosity towards Defendant, responded: "Like the arrogant asshole he is."

The Court struck the answer. At sidebar, Defendant formally moved for a mistrial. Instead, the Court instructed the jury that Ms. Jimenez's comment was inappropriate and directed the jury to disregard it. Trial Transcript at 1522:15-1524:13, attached hereto as Exhibit 1.

**Argument**

A mistrial should be granted where an incident is "so prejudicial as to deny [the moving party] a fair trial." *Testa v. Village of Mundelein*, 89 F.3d 443, 446 (7th Cir. 1996). In making

1

this determination, a trial judge should consider "whether giving a cautionary instruction, rather than ordering a mistrial, can prevent any possible prejudice." *Id.* at 445.

In this case, plaintiff's counsel was well aware of the risk of an outburst like the one that occurred. At Ms. Jimenez's deposition, she stated:

> MR. HALE:
> Q. What do you recall -- In addition to -- You know, other than what you've already told me, what else, if anything, did you say to detective Bogucki on the phone on February 5th?
> BY THE WITNESS:
> A. I called him a prick.

Deposition of Victoria Jimenez at 52:18-22, attached hereto as Exhibit 2.

Here is what happened later in the deposition:

> Q. All right. Let's go to the next day, February 5th. You've already told me about a conversation with Bogucki where he told you about witnesses?
> A. Right.
> MR. CHANEN: And she called him a "prick."
> MR. HALE: Stuart, we don't need that. That's inappropriate.
> BY THE WITNESS:
> A. He is a prick.
> MR. HALE: We already -- I don't need that. That's --
> BY THE WITNESS:
> A. Very rude, very arrogant.

Ex. 2 at 99:13-100:2.

Plaintiff's counsel knew or should have known that Ms. Jimenez was very emotional regarding her personal feelings about Defendant. Ms. Jimenez's emotionally charged description of Defendant as an "arrogant asshole" was extremely prejudicial to Defendant.

WHEREFORE, Defendant respectfully requests that this Court grant his motion for a mistrial.

Respectfully Submitted,

DEFENDANT

BY:

/s/ Joan E. Ahn
One of the Attorneys for Defendant

Andrew M. Hale
Avi T. Kamionski
Joan E. Ahn
Andrew M. Hale & Associates, LLC
53 W. Jackson, Suite 1800
Chicago, IL 60604
312-341-9646

**CERTIFICATE OF SERVICE**

  I, Joan E. Ahn, an attorney, hereby certify that on January 16, 2012 I caused DEFENDANT'S SUPPLEMENT TO HIS ORAL MOTION FOR MISTRIAL to be served upon all counsel of record by filing the same before the Court via the ECF system.

                  /s/ Joan E. Ahn

4