**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THADDEUS JIMENEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09 C 8081** |
| | ) | |
| **JEROME BOGUCKI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>INSTRUCTIONS TO THE JURY</u>**

Date:  January 23, 2012

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case is entitled to the same fair consideration. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the parties' stipulations. A stipulation is an agreement between both sides that certain facts are true or that a witness would have testified in a particular way.

Certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it if the witnesses had appeared and testified here in court.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence.  The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

You have heard witnesses give opinions about certain subjects involving special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  You do not have to accept these witnesses' opinions. In deciding how much weight to give to this testimony, you should consider the witnesses' qualifications, how they reached their opinions, and the factors I have described for determining the believability of testimony.

You heard a witness, Juan Carlos Torres, claim his Fifth Amendment privilege against self-incrimination in response to questions here at the trial.  You may, but are not required to, draw an inference from Mr. Torres's invocation of his Fifth Amendment privilege that truthful answers to the questions he was asked would have incriminated him.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses.  You need not accept the testimony of the larger number of witnesses.

**The parties and the claims**

The plaintiff in this case is Thaddeus Jimenez.  I will refer to him as the plaintiff.

The defendant in this case is Jerome Bogucki.  I will refer to him as the defendant.

The defendant is a retired Chicago police officer.  The plaintiff claims that in

1993, the defendant violated his civil rights, conspired to violate his civil rights, and

maliciously caused him to be prosecuted for the murder of Eric Morro.  The defendant

denies these claims.

**Preponderance of the evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiff has to prove something by a preponderance of the evidence, I mean that he must prove that the particular proposition is more likely true than not true.

**First claim - violation of due process**

The plaintiff's first claim is that the defendant violated his constitutional right to due process of law.

To succeed on this claim, the plaintiff must prove both of the following things by a preponderance of the evidence:

1.      The defendant concealed material exculpatory and/or impeachment evidence from prosecutors.

2.      As a result, the plaintiff was damaged.

A law enforcement officer is obligated to turn over to the prosecutors handling the case material exculpatory and impeachment evidence that is not otherwise available through the exercise of due diligence.  Exculpatory or impeachment evidence is not considered to have been concealed if it was disclosed in time for the defendant in the criminal case to make use of it at his criminal trial.

"Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged.  "Impeachment" evidence is evidence that would undermine the credibility of a prosecution witness who testifies at the criminal trial.

Exculpatory and impeachment evidence is "material" if it has a reasonable likelihood of affecting the outcome of the criminal case.

**Second claim - conspiracy**

Plaintiff's second claim is that the defendant conspired with others to deprive him of his right to due process of law by concealing material exculpatory and/or impeachment evidence from prosecutors. A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The conspiracy as I have described it existed. Plaintiff must prove there was an agreement between two or more persons to conceal material exculpatory and/or impeachment evidence from prosecutors. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2.      The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3.      One or more of conspirators committed an act in an effort to carry out the conspiracy.

4.      As a result, plaintiff was damaged.

13

**Third claim - malicious prosecution**

The plaintiff's third claim is that the defendant maliciously caused him to be prosecuted for murder.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.     The defendant caused a criminal proceeding to be commenced or continued against the plaintiff.

2.     There was no probable cause for the criminal proceeding at the time the defendant caused it to be commenced or continued.  Probable cause existed if, based on the evidence known at the time, a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged.  The fact that the criminal charges against the plaintiff were later dismissed does not, by itself, mean that the defendant did not have probable cause at the time of the commencement or continuation of the criminal proceeding.

3.     The defendant acted with malice.  A person acts with malice in commencing or continuing a criminal prosecution if he acts for any reason other than to bring another person to justice.  You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith.

4.     The criminal proceeding was terminated in Jimenez's favor in a manner indicative of his innocence.

5.     Jimenez was damaged as a result of the defendant's actions.

14

## Damages (1)

If you find in favor of the plaintiff on any of his claims, then you must determine what amount of damages, if any, the plaintiff is entitled to recover on that claim.

If you find in favor of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

**Damages (2)**

If you find in favor of plaintiff on one or more of his claims, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of the defendants' wrongful conduct. This is called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following type of compensatory damages:

- any physical, mental, and emotional pain and suffering that the plaintiff experienced through the end of 2009, the year he was released; and

- any loss of normal life that the plaintiff experienced through the end of 2009, the year he was released.

No evidence of the dollar value of any of physical, mental or emotional pain and suffering, or of the value of loss of a normal life, has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for any injury he has sustained.

16

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

 If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror.  Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**VERDICT FORM**

We, the jury, unanimously find as follows on the claims of Thaddeus Jimenez against Jerome Bogucki:

**First claim - violation of due process**:     _____     _____
                                                                                  for plaintiff          for defendant


**Second claim  - conspiracy:**                      _____     _____
                                                                                  for plaintiff          for defendant


**Third claim - malicious prosecution:**          _____     _____
                                                                                  for plaintiff          for defendant


**Damages**
**(to be considered only if you have found**
**for the plaintiff on one or more of his claims)**


We award the plaintiff compensatory damages in the amount of

$ _____.


_____
Presiding juror

_____

_____

_____

_____

_____

Date:  January ____, 2012

20