```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3

 4   THADDEUS JIMENEZ,                )
                                      )
 5                  Plaintiff,        )   Docket No. 09 C 8081
                                      )
 6            vs.                     )
                                      )
 7   JEROME BOGUCKI,                  )   Chicago, Illinois
                                      )   December 20, 2011
 8                  Defendant.        )   10:15 a.m.

 9

10                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MATTHEW F. KENNELLY
11

12   APPEARANCES:

13
     For the Plaintiff:      VALOREM LAW GROUP, LLC
14                           BY:  MR. STUART J. CHANEN
                             35 East Wacker Drive
15                           Suite 3000
                             Chicago, Illinois   60601
16

17
     For the Defendant:      ANDREW M. HALE & ASSOCIATES
18                           BY:  MS. JOAN E. AHN
                             53 West Jackson Boulevard
19                           Suite 1800
                             Chicago, Illinois   60604
20

21                           DYKEMA GOSSETT, PLLC
                             BY:  MR. HARRY N. ARGER
22                           10 South Wacker Drive
                             Suite 2300
23                           Chicago, Illinois   60606

24

25
```

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois  60604
(312) 435-5785

```
 1        (The following proceedings were had in open court:)
 2             THE CLERK:  09 C 8081, Jimenez v. City.
 3             MR. CHANEN:  Stuart Chanen on behalf of the plaintiff
 4   Thaddeus Jimenez.
 5             MS. AHN:  Good morning, your Honor; Joan Ahn on
 6   behalf of the officer defendants.
 7             MR. ARGER:  Good morning, your Honor; Harry Arger for
 8   the City.
 9             THE COURT:  Okay.  Let me deal first with the stuff
10   that was not filed last night.  So there's a motion for entry
11   of a stipulation.  That's document number 199, and I assume
12   that since it's a stipulation, everybody is okay with me just
13   granting that motion.
14             MR. ARGER:  Yes.
15             THE COURT:  That's granted.
16             Then there's a motion for entry of an order allowing
17   evidence at trial which is the order that allows you to go get
18   the stuff out of the evidence locker.  I assume nobody has an
19   objection to that.
20             MR. CHANEN:  Correct.  No objection.
21             THE COURT:  Do you by chance have another copy of the
22   order handy?
23             MR. ARGER:  I do.
24             THE COURT:  Give me one.  I will sign one to give to
25   my clerk, and I will sign one to give to you.
```

1   THE CLERK:  Judge, do you have a document number?
2   THE COURT:  Yes, I will tell you that in one sec.
3   (Brief interruption.)
4   THE CLERK:  201, you said?
5   THE COURT:  That one is 201.
6   MR. ARGER:  201, Exhibit A.
7   THE COURT:  Yes, 201, so that one is granted.
8   And the one on top is yours and the other one is for
9   Mr. Arger.
10   Okay.  Then we have got the motion for petition for a
11   writ of habeas corpus ad testificandum relating to Juan
12   Torres.  We had a settlement conference last night, and the
13   topic of this came up sort of at the end.  So why don't you
14   put on the record what you told me then.
15   MR. CHANEN:  Yes, thanks, Judge, and I also spoke to
16   Mr. Maldonado last night.
17   THE COURT:  Mr. Maldonado is the lawyer for
18   Mr. Torres?
19   MR. CHANEN:  Correct.
20   THE COURT:  Right.
21   MR. CHANEN:  Judge, I think this is going to work out
22   very smoothly.  I told Mr. Maldonado that you would like to
23   enter the writ as a procedural matter to get that process
24   started, that if he wanted to come in to move to quash, he
25   should do that today.  And his preference, Judge, between

1  Wednesday and Thursday is to come in tomorrow.  He just wants
2  to be heard.  I think they just want -- I think they want to
3  make their record.
4              THE COURT:  That's fine.  Just tell him that's fine,
5  to go ahead and get his motion on file.
6              MR. CHANEN:  Okay, and I will wait.
7              THE COURT:  I will hear it tomorrow, and it's not a
8  problem.  And, you know, Mr. Maldonado is up to his neck in
9  alligators in the job that he has as a public defender at 26th
10 Street, and I'm going to accommodate him to the extent I can.
11             So, Augie, in terms of a writ, I've got an order and
12 a writ.  Is that everything we need?  The writ is the thing
13 you sign.  I sign the order?
14             THE CLERK:  Yes.  I mean, there is a petition.
15             THE COURT:  I'm going to give that to you, too.
16             It's conceivable -- because there are all sorts of
17 really picky form requirements for this thing, it's
18 conceivable you will get a call from Augie saying you need to
19 fix this or that.  If that happens, it will happen.
20             Now we're on to the stuff that got filed today.  I'm
21 going to pick my words here before I say them.  Honestly,
22 after the new set, sets, of motions in limine that I have
23 gotten, I'm going to tell you that I feel a little bit taken
24 advantage of here.  And I know that everybody told me back in
25 late November I think is when you first told me, or maybe it

1  was early December, that, you know, there was some discovery
2  which I was told had to do with experts that everybody was --
3  you know, everybody being the parties -- were doing sort of
4  after the deadlines, and that was happening on both sides.
5  And you all told me that there might be some other motions in
6  limine that might be filed, and I said -- I probably said
7  something along the lines that I would worry about them when I
8  get them.
9          Now that I have them, and, you know, we went through
10 this whole thing about the number of pages on the original
11 motions in limine, everybody got way more pages, I think, than
12 I normally give people, and I kind of feel like that was like
13 that wasn't even round one.  That was the preliminary bout
14 involving the Golden Glove guys before the heavyweights got
15 up, and now I'm getting all this stuff.  And you guys know,
16 and you've known for a long time, that I'm out next week and
17 I'm out the week after next, and we're starting a trial on the
18 first Monday that I'm back.  And I'm sentencing three people
19 today and taking three guilty pleas.  I'm taking six guilty
20 pleas tomorrow.  I'm sentencing some people or taking guilty
21 pleas all day Thursday, and I have a settlement conference.
22 And I know your case is important, like every case is
23 important, and yours is more important because you've got a
24 trial coming up, but you don't get to leap ahead all of this
25 stuff.

1    And I got I think it's something like 12 megabytes of
2    material that I downloaded, you know, from CMECF, and, I mean,
3    one of them has been responded to. That's not even responses
4    to most of this stuff. And some of it doesn't even concern
5    the experts. Some of it concerns other stuff. Now, I don't
6    know if that's because, you know, there were people that were
7    disclosed late or what. But I am just going to tell you all
8    that if you all think that I'm going to carve out time from
9    criminal cases and other stuff to deal with all of this in
10   court before trial, then you have another thing coming. It is
11   not going to happen. It's just not.
12       Now, on the motions in limine that have been filed --
13   let me just pull them up here -- I've got --
14       So the plaintiff's supplemental motions in limine, it
15   looks like they were already responded to; is that right?
16       MS. AHN: Yes, your Honor.
17       THE COURT: It got filed yesterday. I didn't even
18   think about checking the time at which they were filed because
19   I would almost prefer not to know. It's probably something
20   with an 11 in front of it.
21       MS. AHN: They were filed, your Honor.
22       THE COURT: Yes, okay.
23       Then I've got three motions in limine by the
24   defendants. One concerns Greg McCrary, M-c-C-r-a-r-y; one
25   concerns Kent Gibson; and the third one concerns --

1  Then there's the defendant's supplemental motions in
2  limine which concern two topics, Leo Robles and Mary Morro.
3  So my inclination on this is to order a written response to
4  the stuff that hasn't been responded to, and I'm assuming
5  that's all coming from the plaintiff.
6  And then here's the deal. Nobody gets to mention any
7  of this stuff in opening statement, period. Any of this stuff
8  that's the subject of any of these motions in limine cannot
9  get mentioned in opening statement, and I will rule on them
10 during the trial when I have time to rule on them before these
11 witnesses are going to be called. And it's going to count,
12 and the time that I spend dealing with that and any further
13 time you spend arguing on it is going to count against your
14 trial time. That's the deal.
15 So what I'm going to need to know --
16 So, first of all, I need to know when you want to
17 respond on the plaintiff's side to these other motions. And
18 then what I'm going to need to know is I'm going to need you
19 to collectively put together a list of all of the people that
20 are covered by these things, and you tell me when in the trial
21 they're going to come up, so I have kind of where they fit in
22 the batting order, in other words, so I know which ones I have
23 to concentrate on first and which I can hold until later,
24 okay.
25 So, Mr. Chanen, when do you want to respond to these

1  motions?
2      MR. CHANEN:  Judge, can we say Monday?
3      THE COURT:  Do you really want to file a response on
4  Monday?
5      MR. CHANEN:  Oh, wait, no.
6      THE COURT:  Maybe until Wednesday or something like
7  that?
8      MR. CHANEN:  Yes.  You're not going to get back to
9  them until the 9th.
10     THE COURT:  Au contraire.  I'm going to be reading
11 this stuff, you know, on this thing when they come in, okay.
12 This is kind of my life.
13     MR. CHANEN:  We'll do it sooner than later.
14     THE COURT:  No, that's okay.  The 28th is fine.  That
15 will give me some nice, fun stuff to do while I'm sitting at
16 home with my kids.
17     So the 28th -- it will be a nice break.  The record
18 should reflect a tinge of sarcasm.
19     December the 28th is the due date for the plaintiff's
20 response to the motions in limine filed by the defendant, of
21 which there are three.  That would be a good date -- actually,
22 I can give you longer than that.  Why don't we say until like
23 next Friday for you to get me, we'll call it the joint status
24 report that basically gives me this batting order thing.
25 Okay.  So that will be the 30th of December.  And we'll deal

1  with them when I deal with them.

2  Also, I need to put on the record one other thing
3  that I think I said -- I know that I said I was going to do,
4  but I'm not sure if I said it while we were on the record at
5  one of the pretrial conferences.  It came about when the issue
6  came up regarding whether the City's lawyers or the
7  defendant's lawyers would be permitted to do criminal
8  background checks on the prospective jurors.  I think this is
9  all on the record, but I want to backstop it.

10  So, Augie, what we're going to do on this is -- we
11  did this in one other case.  We're going to need to make --
12  figure out a way that the second we get the jury list, that
13  it's going to be made available to the lawyers because they're
14  going to need to sort of run back somewhere and start running
15  it through a computer.  I'm going to ask whoever is going to
16  deal with that to figure out with each other, you know, who is
17  going to do it and then communicate with Augie.  This can wait
18  until after the first of the year.  She just needs to know,
19  okay, this is the time I think I'm going to have it available,
20  and this is where you need to be so I don't have to run all
21  over the building to do it.  That's the first thing.

22  The second thing that I said I was going to do is
23  that -- and the 9th is the second week of this particular
24  panel being there.  I do not know, because we never know in
25  advance, whether the jurors are going to be able to fill out

1  the questionnaires in the jury room or whether we have to find
2  another room, but one way or the other, what I'm intending to
3  do is -- and I told the parties this -- is to go to wherever
4  the jurors are filling out the questionnaire at the beginning
5  of the process and give them kind of like a mini version of
6  this is why you're here and, more particularly, impress upon
7  them the importance of the questionnaire and the importance of
8  giving truthful answers on the questionnaire and basically
9  tell them in a nice way that if you give an answer that's
10 incorrect, it's likely that it will be found out and it will
11 cause all sorts of disruptions.
12        I don't know exactly what I'm going to say.  I will
13 have the court reporter with me.  It will probably happen
14 about 9:00 or 9:15, and so I just wanted to put on the record
15 that I was planning to do that.
16        MR. CHANEN:  I would like to just speak to the
17 computer search issue very briefly, and it will eliminate a
18 motion in limine.
19        THE COURT:  Okay.
20        MR. CHANEN:  When Mr. Hale's office appeared on the
21 Lopez case in state court, they said that you had allowed them
22 to search police computer records for purposes of the jury
23 voir dire.  We're concerned that these private defendants who
24 are retired police officers are going to be using a database
25 for which they would normally not have access and for which

1  most plaintiffs -- defendants -- in your courtroom would not
2  have access.
3          THE COURT:  So you just told me something that I'm
4  not sure that I realized.  The defendants that are still in
5  the case, remind me who they are again.
6          MR. CHANEN:  Three former police officers.
7          THE COURT:  Bogucki.
8          MR. CHANEN:  Bogucki, Schalk and Sanders.
9          THE COURT:  You say they're all retired?
10         MR. CHANEN:  Correct.
11         THE COURT:  Oh.
12         MR. CHANEN:  And so our concern --
13         THE COURT:  There's no current police officers who
14 are name defendants in the case.
15         MR. CHANEN:  That's correct.
16         THE COURT:  And the City is not in the case because
17 of a stipulation that you have.
18         MR. CHANEN:  Correct, Judge.
19         THE COURT:  Oh, that's interesting.  So by what
20 authority are people using the public database, do we know?
21         MR. CHANEN:  And just --
22         THE COURT:  This was an issue that came up the other
23 time -- this actually was an issue that came up the other time
24 I had this issue come up in a case that Mr. Kamionski was in,
25 too, and we had a discussion about it, and I don't remember

1  exactly what it was. But my sense was that it had to do with
2  the fact that people were current police officers. I could be
3  wrong about that.
4        MR. CHANEN: Just to add some fuel to the fire, you
5  will recall there was a document that has since been excluded
6  regarding Ms. Bett Babow, Mr. Jimenez's fiance, about her --
7  it was a missing person's report. We have no idea where that
8  missing person's report came from. It was not in response to
9  a subpoena.
10       THE COURT: If this is another motion in limine,
11 like, save it.
12       MR. CHANEN: No, no, no, Judge. You granted it, but
13 here's my point. We believe that the defendants are using
14 police files and police relationships and asking other police
15 departments for documents that we aren't being told where
16 they're coming from. And so here's my point. If you're going
17 to allow them to take these lists and go do a search, they
18 cannot be done -- my request is that they not be done on
19 police databases for which normal human beings don't get
20 access. If they want to go to the public --
21       THE COURT: Pause for a second.
22       So, Ms. Ahn -- and I don't expect you to be able to
23 answer this question right at the moment because you're just
24 hearing it for the first time -- do you know, as you stand
25 there, how this works in terms of the legalities of it and

1  your ability to use it? If you don't know, just say, I don't
2  know, and I will have you guys come back in a couple of days.
3      MS. AHN: Your Honor, I'm not a hundred percent sure.
4  We are retained by corporation counsel. I wasn't aware
5  Mr. Chanen would be raising this.
6      THE COURT: Okay, so this is what I want you to do.
7  This we need to discuss before I leave, and, unfortunately, I
8  don't sort of have the luxury of time.
9      Augie, hang on a second. This is off the record.
10     (Brief interruption.)
11     THE COURT: Here is when I need you to come in.
12     MR. CHANEN: I have to be in tomorrow with
13  Mr. Torres -- with Mr. Maldonado.
14     THE COURT: Talk about it tomorrow. You need to find
15  out before tomorrow or somebody needs to find out before
16  tomorrow. And the issues include, as the lawyers say, but are
17  not limited to, you know, given the fact that the only
18  defendants in the case are no longer public officials, what's
19  the basis on which people are getting to use this public
20  database and should that have any impact on the ruling I made
21  before where I said I didn't really think I could preclude the
22  defendants from doing this. There may be other issues. So
23  kind of think it through and what the other hypotheticals
24  might be.
25     MR. CHANEN: One more thing, Judge.

```
1          THE COURT:  Yes.
2          MR. CHANEN:  You set a schedule for the three
3   responses that we're supposed to file.  We have a very short
4   motion on one of their experts, Bumcrot.  This was a letter to
5   you.
6          THE COURT:  So when am I going to get it?
7          MR. CHANEN:  Three to four pages.
8          THE COURT:  So when am I going to get it?
9          MR. CHANEN:  Close of business today.  This was in
10  the letter we sent.
11         THE COURT:  You know, everything is in the letter.
12  So, I mean, tell it to the Marines, as they say.
13         MR. CHANEN:  Three to four pages.
14         THE COURT:  Whatever he files today, you guys respond
15  to by the same date I gave them to respond.
16         MS. AHN:  That's fine, your Honor.
17         THE COURT:  Okay, take care.
18         MR. ARGER:  Thank you, your Honor.
19         MS. AHN:  Thank you.
20         MR. CHANEN:  Thank you.
21    (Which were all the proceedings had in the above-entitled
22  cause on the day and date aforesaid.)
23
24
25
```

1                C E R T I F I C A T E

3      I hereby certify that the foregoing is a true and
4 correct transcript of the above-entitled matter.

7    /s/ Laura M. Brennan                       March 22, 2012

10 Laura M. Brennan
Official Court Reporter                      Date
Northern District of Illinois