```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3

 4    THADDEUS JIMENEZ,              )
                                     )
 5                   Plaintiff,      )   Docket No. 09 C 8081
                                     )
 6             vs.                   )
                                     )
 7    CITY OF CHICAGO, et al.,       )   Chicago, Illinois
                                     )   November 17, 2011
 8                   Defendants.     )   9:40 a.m.

 9
                            TRANSCRIPT OF PROCEEDINGS
10                   BEFORE THE HONORABLE MATTHEW F. KENNELLY

11
      APPEARANCES:
12

13    For the Plaintiff:      MR. LOCKE E. BOWMAN, III
                              MAC ARTHUR JUSTICE CENTER
14                            Northwestern University
                              School of Law
15                            357 East Chicago Avenue
                              Chicago, Illinois    60611
16

17                            VALOREM LAW GROUP, LLC
                              BY:  MR. STUART J. CHANEN
18                            35 East Wacker Drive
                              Suite 3000
19                            Chicago, Illinois    60601

20

21
      For the Defendant:      ANDREW M. HALE & ASSOCIATES
22                            BY:  MS. JOAN E. AHN
                              53 West Jackson Boulevard
23                            Suite 1800
                              Chicago, Illinois    60604

24

25
```

| | |
|---|---|
| 1 | DYKEMA GOSSETT, PLLC |
| 2 | BY: MR. HARRY N. ARGER<br>10 South Wacker Drive<br>Suite 2300 |
| 3 | Chicago, Illinois 60606 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | LAURA M. BRENNAN - Official Court Reporter |
| 24 | 219 South Dearborn Street - Room 2102<br>Chicago, Illinois 60604 |
| 25 | (312) 435-5785 |

```
1        (The following proceedings were had in open court:)
2             THE CLERK:  09 C 8081, Jimenez v. City.
3             THE COURT:  Good morning.
4             MR. BOWMAN:  Good morning, Judge; Locke Bowman for
5    Mr. Jimenez.
6             MR. CHANEN:  And Stuart Chanen, also for Mr. Jimenez.
7             MS. AHN:  Joan Ahn for the officer defendants.
8             MR. ARGER:  Good morning, your Honor; Harry Arger for
9    the City.
10            THE COURT:  Okay.  So before I get into all this
11   other stuff, I have two sort of basic logistical questions.
12   Number one, how long do you all expect the case to take to
13   try, assuming everything comes in that people have moved to
14   exclude, which is probably sort of either a best case or worst
15   case scenario depending on your point of view?
16            But let's assume it all comes in.  How long of a
17   trial do you guys think it is?
18            MR. BOWMAN:  I would say two and a half weeks, two,
19   three weeks to be safe.
20            THE COURT:  All right.
21            MS. AHN:  That sounds about right.
22            THE COURT:  That sounds about right to you, okay.
23   All right, that's question one.
24            Question two is -- and I have not made any decision
25   yet about moving it or not moving it, but if I did move it,
```

1  could I move it to January 9th?
2          MR. BOWMAN:  Yes.
3          MS. AHN:  Um --
4          THE COURT:  Putting aside the question of whether you
5  think that's enough time for you to get an expert.
6          MS. AHN:  Yes.
7          THE COURT:  We're just talking about availability
8  issues.
9          MS. AHN:  Right, right.
10         The only issue, your Honor, is that Mr. Hale and
11 Mr. Loevy actually have another case being tried in state
12 court called Jose Lopez, and right now it looks like it might
13 be tried on January 17th.
14         MR. BOWMAN:  I can speak.
15         THE COURT:  They will be on trial here.  I'm not too
16 worried about that, and this date has been -- you know, I
17 would be moving this date, which has been set for ages, to a
18 date before that.  So once somebody is here, I've got my hooks
19 into them, and they aren't going over to the Daley Center.
20         MR. BOWMAN:  And I would add, you know, speaking with
21 Mr. Loevy this morning, our understanding is that the state
22 court judge is aware of this case and is prepared to flip that
23 date to the date that this one doesn't.
24         THE COURT:  Well, I'm not going to worry about it
25 anyway.

1  Okay, now that we have got that out of the way, I've
2  got the motion to bar or to continue the trial date, and then
3  I looked at the response. So the last thing I got was the
4  response.
5  So, Ms. Ahn, what else would you like to tell me
6  about it?
7  MS. AHN: I mean, just basically as we laid out in
8  our initial motion, you know, we disclosed other initial audio
9  reports in June, and plaintiff then waited until August to
10 retain Kent Gibson and until October to even look for a voice
11 exemplar. This is a new issue. It is outside the expertise
12 of either of our initial --
13 THE COURT: Of your current person, so it's not
14 like --
15 Basically what you're saying is that it's not like
16 the situation where the rebuttal expert is just rebutting
17 somebody that you already have and maybe you have to have your
18 person deal with the rebuttal but --
19 MS. AHN: Exactly, your Honor.
20 THE COURT: -- you would have to go get a whole new
21 person.
22 MS. AHN: We have to find a new person to do this.
23 THE COURT: Yes, okay.
24 So I've got three questions for plaintiffs. First of
25 all, Ms. Ahn just said, and it was discussed the other day

1  that it was like late June that the experts, we'll just say
2  that are taking issue with the provenance of the audio
3  recording, were disclosed in late June.  Is that approximately
4  right?
5          MR. BOWMAN:  Yes, sir.
6          THE COURT:  Okay.  Question number two is:  From the
7  time you contacted the expert that you have, the rebuttal
8  person whose name I'm blanking on --
9          MR. BOWMAN:  Kent Gibson.
10         THE COURT:  -- Mr. Gibson to giving his opinion, how
11 long of an interval was there?
12         MR. BOWMAN:  Well, that --
13         THE COURT:  Well, let me put it in a different way.
14         From the point in time in which you sent him the
15 materials that he was going to review to getting an answer to
16 him, and I know there's a stage one and a stage two maybe,
17 what was the interval?
18         MR. BOWMAN:  Well, to be clear, he was contacted some
19 months before his ultimate opinion.
20         THE COURT:  Okay.
21         MR. BOWMAN:  But he did not have --
22         THE COURT:  Didn't have the thing.
23         MR. BOWMAN:  -- a comparison sample.  From the time
24 he got the comparison sample to the point of his opinion,
25 which is Exhibit A to our response, was less than a week.

1           THE COURT:  Okay.  And just the executive summary, if
2  you will, of the time line was you contacted Mr. Gibson on
3  whatever date it was.  He didn't have -- he had the tape that
4  was made back in the day.
5           MR. BOWMAN:  Right.
6           THE COURT:  But he didn't have anything to compare it
7  to.
8           MR. BOWMAN:  Correct.
9           THE COURT:  There was then the effort that I dealt
10 with to go get a voice exemplar from Mr. Torres.
11          MR. BOWMAN:  Correct.
12          THE COURT:  And then in the middle of that is when
13 you got the recording of Mr. Torres' interview with the
14 state's attorney.
15          MR. BOWMAN:  Actually toward the -- actually
16 Mr. Chanen --
17          THE COURT:  Towards the end of that period.
18          MR. CHANEN:  Correct, Judge, and --
19          THE COURT:  Okay, hang on a second.  I want to get
20 the whole time line out.
21          And the interval that Mr. Bowman just gave me is from
22 the point in time where he sent the comparison tape, which is
23 the state's attorney interview, to Gibson, it was matter of a
24 week or less.
25          MR. BOWMAN:  Correct.

1  MR. CHANEN: Correct.
2  THE COURT: Okay. You don't need to add anything to
3  that, all right.
4  So this is what I'm going to do. I'm going to move
5  the trial date to January the 9th. Here's why. I do think
6  Ms. Ahn has a point when she says that a situation that is
7  going to require the retention of a different type of -- or
8  that may require the retention of a different type of expert
9  is different from the other types of situations or at least
10  most of them that are talked about in the response. And I
11  recognize that everybody was, you know, doing their best to,
12  on the one hand, accommodate and, B, scramble.
13  And I said at some point in time that you could do
14  that so long as it didn't affect any of my dates, but I think
15  we're kind of in a situation now where a reasonable person
16  would say that this particular thing affects my date, my date
17  being the trial date, the reason being that, sure, they can go
18  find somebody in theory, just like you guys did before you had
19  any comparison tape, but until that person has got your
20  person's opinion, which presumably a rebuttal expert is going
21  to want to attack, he or she doesn't have really half of the
22  ammo that they need. And there's a lot of work that everybody
23  is doing between now and the trial date, not the least of
24  which is responding to motions in limine of which there were,
25  like, about a dozen filed on the plaintiff's side.

1        And even though I am not persuaded by the argument
2   that the defendant makes that it's going take a month to a
3   month and a half, I am persuaded it's going to take reasonably
4   more than a week given all the other stuff that's going on.
5   So I think the fairest thing to do -- we're talking about a
6   trial date that will only have been moved once, which is
7   actually kind of a rare animal, as you all know.  My wife says
8   there's no such thing as a case that goes to trial when it's
9   originally set, and I think she's still right 30 years later.
10  And I just think it's fair to everybody.  You're going to have
11  more time to deal with it.
12       I still want to go ahead and have the pretrial
13  conference when it's scheduled because I want to get all that
14  stuff out of the way.
15       This may affect when you take your depositions of
16  people.  I'm going to leave that all up to you.  But I do
17  think that gives you enough time.  I mean, now you've got
18  between today and January the 9th.  That's your 45 days,
19  actually more like 50-something, so I think it's plenty of
20  time.  I'd like you all to work out some sort of a reasonable
21  deadline before that by which the defendants' rebuttal report
22  to the Gibson thing, if any, is going to be produced so that
23  there is enough time to depose that expert, and, you know,
24  you've got holidays in there and whatnot, and we'll start on
25  January the 9th.

1  So we're talking about two --

2  And there's another reason for this, and; that is,
3  that, you know, a two-and-a-half, possibly more than
4  two-and-a-half-week, trial starting on December the 5th, we
5  would have some -- I have no doubt about my ability to get a
6  jury, but we would have some pretty antsy people those last
7  several days, and I just don't think that's good for anybody.
8  So I think it's better to wait until after the first of the
9  year.

10  Now, one issue is going to be those are going to be
11  jurors in their second week, but I'm confident in my ability
12  to market this to them, so I'm not too worried about that.
13  And the other advantage to me is that I have a case set for
14  trial on January 17th that I really do not want to have to
15  try.  So this gives me an out, too.

16  So the motion to bar is denied as I think the
17  defendant is going to have adequate time to deal with it.  The
18  motion to continue the trial date is granted.  The trial date
19  of December the 5th is moved to the 9th of January at 9:45.

20  MR. CHANEN:  Thank you, Judge.

21  THE COURT:  Anything else we need to talk about?

22  MR. ARGER:  Just to give you an update, we still have
23  not reached agreement with regard to the City.

24  THE COURT:  Okay.

25  MR. ARGER:  I was in contact with Mr. Loevy earlier

1  in the week, and I understand he's not feeling well.  So we'll
2  try to get that done.  If I understand your Honor, we'll keep
3  the pretrial filing date and the conference date.
4          THE COURT:  Yes.
5          MR. ARGER:  Okay.
6          THE COURT:  Yes, I want to get that kind of taken
7  care of.
8          MR. ARGER:  If we need your Honor's assistance --
9          THE COURT:  You will let me know.  I'm now going to
10 have some time in December.
11         MR. ARGER:  Very good.  Thank you, your Honor.
12         MS. AHN:  Your Honor --
13         THE COURT:  I'm sorry.  Go ahead, Ms. Ahn.
14         MS. AHN:  I apologize.  I just have one quick
15 question.
16         We had extended the motion in limine submission date
17 from last Monday to Tuesday.  Would it be possible to extend
18 the response date from --
19         I'm sorry.  I believe --
20         THE COURT:  You can have until Tuesday for the
21 response.
22         MS. AHN:  Thank you.
23         THE COURT:  But I need them by Tuesday.  I can't give
24 you more than that because I've got a lot that I have got to
25 read, and I'm going to be hauling it all home with me.

MS. AHN: Okay, thank you.

THE COURT: All right, take care.

MR. ARGER: Thank you, your Honor.

(Which were all the proceedings had in the above-entitled cause on the day and date aforesaid.)

C E R T I F I C A T E

I hereby certify that the foregoing is a true and correct transcript of the above-entitled matter.

*/s/ Laura M. Brennan* November 18, 2011

____________________________ ________________
Laura M. Brennan
Official Court Reporter Date
Northern District of Illinois