**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THADDEUS JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-8081 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO and | ) | |
| JEROME BOGUCKI, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO RE-SEAL POST-VERDICT TRANSCRIPT

Defendants City of Chicago and Jerome Bogucki ("Defendants"), by their undersigned attorneys, hereby move to re-seal the transcript of the post-verdict proceeding relating to Defendant Bogucki.  In support of this motion, Defendants state as follows:

1.  On January 24, 2012, a jury returned a verdict in favor of Jimenez. Immediately thereafter, a post-verdict proceeding was held during which Bogucki made a statement regarding this case. Tr. 2978-2981.[1] As counsel for Jimenez explained to this court, Jimenez had agreed to settle his pending claim for punitive damages in exchange for that statement, Tr. 2978:6-8, which was given on the condition that it would not be considered part of the formal judicial proceedings against Bogucki, but would be given at a sidebar that would be transcribed by the court reporter but kept secret and never made part of the public record. See Tr. 2978:4-20.

---

[1] A copy of the post-verdict proceeding is attached to the courtesy copy of this motion.

2.     In accordance with the parties' agreement, and with Jimenez's consent, this court placed the transcript of the post-verdict proceeding under seal. Tr. 2978:12-13. Accordingly, the trial transcript reflects that the entirety of the post-verdict proceeding was placed under seal. Tr. 2978:1 (stating "the following proceedings are under seal"), 2982:1 (stating "the following proceedings were had in open court"). After Bogucki made his statement, the jury was brought back into the courtroom, informed that there would be no proceedings on the issue of punitive damages, and excused from service. Tr. 2982.

3.     On July 31, 2012, Defendants filed a notice of appeal, R. 342, and on August 23, 2012, the long record on appeal, including the complete trial transcripts, was transmitted to the Seventh Circuit. R. 368. Although counsel for Bogucki had contacted the court reporter before the filing of the transcripts to ensure that the post-verdict proceeding remained under seal, the post-verdict proceeding was nevertheless filed unsealed without any notification to Bogucki or his counsel. See Declaration of Joan Ahn, attached hereto as Exhibit A.

4.     While the "general rule is that the record of a judicial proceeding is public," the interests underlying that rule justify only "a strong presumption rather than an absolute rule." Jessup v. Luther, 277 F.3d 926, 927-28 (7th Cir. 2002). Thus, the parties' "interest in secrecy is weighed against [any] competing interests case by case." Id. at 928. Here, Bogucki's interest in the secrecy of his statements at the post-verdict proceeding greatly outweighs the minimal public interest in the contents of that statement. As we note above, Bogucki made his statement under

the belief that, pursuant to his settlement agreement with Jimenez, his statement was not part of the public record and would thus be kept secret and under seal. Tr. 2978:4-20. That belief was reinforced first when this Court informed the parties that the post-verdict proceeding would be placed under seal, Tr. 2978:12-13, and again when the transcript received from the court reporter indicated that the proceeding had in fact been sealed, Tr. 2978:1. Such assurances of confidentiality, made by this Court itself, not merely assumed from the terms of some private agreement between the parties, are "reasonable and sufficient to outweigh the public's common law right of access" to any statements made in reliance on those assurances. Leap Systems, Inc. v. Moneytrax, Inc., 638 F.3d 216, 222 (3d Cir. 2011); see Gambale v. Deutsche Bank AG, 377 F.3d 133, 143-44 & n.8 (2d Cir. 2004) (holding that the details of a confidential settlement agreement, revealed on the basis of the court's "assurances of confidentiality," warranted only a "weak" presumption of public access).

5.     That is particularly true here, where the public's legitimate interest in the substance of Bogucki's statement is especially weak to begin with. Generally speaking, "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." United States v. Foster, 564 F.3d 852, 853 (7th Cir. 2009). It is crucial, however, that the information actually "affects the disposition of litigation" -- as the Seventh Circuit explained in Foster, the public's legitimate interests lie primarily in "those documents . . . that influence or underpin the judicial decision." Id.; see also In re

3

Specht, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that *affect the disposition of federal litigation* are presumptively open to public view . . . .") (emphasis added); Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002) (noting that "*dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement"); id. at 547 ("[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are *vital to claims made in litigation* they must be revealed.") (emphasis added); Union Oil Co. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000) ("[M]ost portions of discovery that are filed and *form the basis of judicial action* must eventually be released . . . .) (emphasis added). And this Court has itself recognized that it is doubtful that materials that do not "provide[ ] any basis for judicial action" could "properly be deemed to be judicial documents" subject to public disclosure. Chao v. Estate of Fitzsimmons, 349 F. Supp. 2d 1082, 1085 (N.D. Ill. 2004).

5.      Here, Bogucki's statement during the post-verdict proceeding did not provide the basis for the jury's verdict or the judgment. While that statement informed this Court of the reason Jimenez would not pursue his claim for punitive damages, it is properly considered part of the parties' settlement agreement, as Jimenez's counsel explained to this court. Tr. 2978:4-10. And as the Seventh Circuit has explained, a "settlement agreement that motivate[s] . . . dismissal" has "the identical status as any other private contract" and "will not be a judicial record."

Jessup, 277 F.3d at 928 (collecting authority).[2] Otherwise, any time parties settle a claim and inform a court of that fact, the court's resultant dismissal of that claim would render the terms of the settlement agreement a matter of public interest. Clearly, that cannot be the case.

6.     Because Bogucki's statements were made under the belief that they would not be made part of the public record in this matter; because this Court reinforced that belief by contemporaneously sealing the post-verdict proceeding; and because the public has only a minimal interest in the substance of Bogucki's statement, which was not the basis for any judicial action but was only part of a settlement agreement between the parties, the post-verdict proceeding should be re-sealed as previously agreed by the parties and as originally indicated by this Court.

WHEREFORE, Defendants respectfully request that this Honorable Court order that the post-verdict proceeding located at pages 2978 through 2981 of the trial transcript be placed under seal.

Respectfully Submitted,

/s/ Joan E. Ahn
One of the Attorneys for Defendant Bogucki

| | |
|---|---|
| Andrew M. Hale | Harry Arger |
| Avi T. Kamionski | Terrence Burns |
| Joan E. Ahn | Daniel Noland |
| Andrew M. Hale & Associates | Dykema |
| 53 W. Jackson, Suite 1800 | 10 S. Wacker Dr., Suite 2300 |
| Chicago, IL 60604 | Chicago, IL 60606 |
| (312) 341-9646 | (312) 876-1700 |

---

[2]    Unlike the parties in Jessup, Bogucki and Jimenez never purported to submit their settlement agreement or Bogucki's statement to this Court for its approval or any other judicial action; indeed, they only brought this matter to the Court's attention to make clear why no proceeding on punitive damages would be necessary.

## <u>CERTIFICATE OF SERVICE</u>

I, Joan E. Ahn, an attorney, hereby certify that on September 11, 2012, I caused DEFENDANTS' MOTION TO RE-SEAL POST-VERDICT TRANSCRIPT to be served upon all counsel of record by filing the same before the Court via the ECF system.

<u>/s/ Joan E. Ahn</u>