IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THADDEUS JIMENEZ, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 09 C 8081 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants. ) | |

**MOTION TO STAY ENFORCEMENT OF JUDGMENT, WITHOUT BOND,
PENDING APPEAL**

Defendant, City of Chicago ("City"), by its attorney, Stephen R. Patton, Corporation Counsel, hereby moves, pursuant to Fed. R. Civ. P. 62, for an order staying enforcement of the judgment entered on January 24, 2012, against defendants, Jerome Bogucki and the City of Chicago[1], without the need for posting a supersedeas bond or other security, and in support thereof, state:

**BACKGROUND**

On January 24, 2012, a judgment was entered on the jury verdict in favor of the plaintiff and against defendants in the amount of $25,000,000. On February 21, 2012, defendants filed their post-trial motions for judgment as a matter of law, or alternatively, for a new trial, pursuant to Fed. R. Civ. P. 50 and 59. On July 11, 2012, the Court denied defendants' post-trial motions and, on July 31, 2012, defendants timely filed their notice of appeal.

On September 4, 2012, the Seventh Circuit Settlement Office conducted a settlement conference with the parties, but the case was not settled at that time. At the settlement

---

[1] 735 ILCS 5/12-108(b) provides that once the City notifies a judgment creditor that it is indemnifying a judgment debtor/employee, the judgment creditor may no longer seek to enforce the judgment against the employee. Thus, plaintiff cannot seek enforcement of this judgment against Jerome Bogucki personally.

conference, the defendants' attorneys understood plaintiff's counsel, Jon Loevy, to threaten that plaintiff would seek enforcement of the judgment if the City did not settle the case. Mr. Loevy subsequently sent a letter to defense counsel reiterating this. Given Mr. Loevy's communications, the City now seeks a stay on enforcement of the judgment pending the appeal.

## ARGUMENT

Fed. R. Civ. P. 62 provides that the Court may grant a stay on enforcement of the judgment. Although Rule 62(d) contemplates that a bond be filed for a stay of enforcement while a case is on appeal, the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988), ruled it was an abuse of discretion for the District Court to do anything less than unconditionally grant the City's motion to waive posting of an appeal bond while staying enforcement of a judgment. *Dillon* articulated five criteria used in determining whether to stay enforcement of a judgment without the need for a supersedeas bond: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money'; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." 866 F.2d at 904-05 (internal citations omitted).

In the present case, these factors favor staying enforcement of the judgment pending the appeal. Factor 1 (complexity of the collection process) weighs strongly in defendants' favor. As explained in the affidavit of Jim Raussen, attached hereto as Exhibit 1, once a judgment is finalized through the exhaustion of all appeals, and a judgment remains against the City, the payment process would simply amount to the Law Department submitting paperwork to the Comptroller's office and the Comptroller issuing a check from the Tort and Non-Tort Judgment

Fund Appropriation. Factor 2 (amount of time required to obtain judgment after it is affirmed on appeal) also weighs heavily in defendants' favor. Also as explained in the affidavit of Jim Raussen (Exhibit 1), once the paperwork is submitted, the City generally pays such judgments within 60 days. Factor 3 (confidence in the availability of funds) cannot seriously be questioned and is also explained in the affidavit of Jim Raussen. As set forth in Exhibit 1, the money will be available once appeals are exhausted and if an adverse judgment remains against the City. Factor 4 (ability to pay) also weighs heavily in defendants' favor. Under Local Rule 62.1, the minimum amount of a supersedeas bond for a money judgment shall be in the amount of the judgment plus one year's interest plus costs. Assuming the City's cost of money is 0.11%[2], purchasing a bond would effectively cost the City at least $27,500 per year plus all the costs and fees associated with acquiring and maintaining the bond itself. In light of factors 1-3, the City and its taxpayers should not be forced to waste money on a bond to secure the payment of a judgment the City is willing and able to pay upon the exhaustion of all appeals. Moreover, the transactional cost of such a bond could be better devoted to other public purposes. Finally, because the City does not argue that it is in a "precarious financial situation," factor 5 is inapplicable. The City's excess insurance carriers also further guarantee to the plaintiff that his judgment is secured, obviating any need to post a bond. See Affidavits of Robert Muir and Michele Pepe, attached hereto as Exhibits 3-4.

Equity also weighs in favor of granting a stay. If plaintiff were allowed to execute on the judgment before defendants' appeals were completed, and if defendants were ultimately to

---

[2] Under 28 U.S.C. § 1961, the federal interest rate on judgments is determined by the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" and "shall be compounded annually." This interest rate for the week ending January 20, 2012 is 0.11%. See Federal Reserve Statistical Release, attached hereto as Exhibit 2.

prevail, it is highly unlikely that the City would be able to recoup the full amount of the judgment from plaintiff. Billing entries submitted by plaintiff's attorneys in support of their fee petition indicate that plaintiff may have already borrowed money against the judgment. Similarly, if plaintiff otherwise spent a significant amount of the judgment in advance of the completion of the appellate process, it is hard to imagine how the plaintiff would be able to pay back the City if it were to ultimately prevail on appeal.

## CONCLUSION

As set forth above, this Court should grant a stay of execution of enforcement and not require a security or supersedeas bond. The City's officers hold property in trust for the taxpayers, and as such have a fiduciary duty to safeguard public funds in the most appropriate manner. Paying plaintiff at this juncture, before the appellate phases of the case are completed, would not be a prudent exercise of that fiduciary duty.

WHEREFORE, the City of Chicago respectfully requests that this Court grant an order staying enforcement of the judgment entered on January 24, 2012 without the need for posting a supersedeas bond or other security.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

By: s/Harry N. Arger
One of the Attorneys for Defendant, City of Chicago

Terrence M. Burns
Harry N. Arger
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
312-876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, I electronically filed the foregoing **Motion to Stay Enforcement of Judgment, Without Bond, Pending Appeal** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to counsel of record:

Jon Loevy
Loevy & Loevy
312 N. May Street
Chicago, Illinois 60607
312.243.5900

Stuart J. Chanen
Lisa R. Carter
Valorem Law Group LLC
35 E. Wacker Drive
Suite 2900
Chicago, Illinois 60601
312.676.5480

Locke E. Bowman
Roderick Macarthur Justice Center
Northwestern University School of Law
357 E. Chicago Ave.
Chicago, Illinois 60611
312.503.0844

Andrew M. Hale
Avi T. Kamionski
Joan Ahn
Andrew M. Hale & Associates, LLC
53 W. Jackson Blvd.
Suite 1800
Chicago, Illinois 60604
312.341.9646

 s/ Harry N. Arger
Harry N. Arger