**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THADDEUS JIMENEZ, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09 C 8081 |
| CITY OF CHICAGO and JEROME BOGUCKI, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Thaddeus Jimenez sued City of Chicago and Jerome Bogucki, a former Chicago police detective, for claims arising from his wrongful conviction of the murder of Eric Morro. Jimenez served approximately sixteen years in prison before his conviction was vacated and he was released. In January 2012, a jury returned a verdict in favor of Jimenez and awarded him $25 million. In July 2012, the Court denied defendants' motion for a new trial and their motion for judgment as a matter of law.

Jimenez has now petitioned for an award of attorney's fees pursuant to 42 U.S.C. § 1988. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" figure can then be adjusted based on twelve factors described in *Hensley*. *Id.* at 434 n. 9.[1]

---

[1] "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether

"However, 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434 n. 9).

Jimenez was represented by lawyers from the law firm of Loevy & Loevy, Northwestern Law School's MacArthur Justice Center, and the Valorem Law Group. The parties have agreed on the number of hours reasonably spent by Jimenez's attorneys. The only disputed issue concerns hourly rates. The parties' proposals are as follows:

| Attorney | Plaintiff's proposal | Defendants' proposal[2] |
|---|---|---|
| Arthur Loevy | 550 | 400 |
| Jon Loevy | 495 | 425 |
| Michael Kanovitz | 450 | 375 |
| Joel Feldman | 395 | 275 |
| Aaron Mandel | 375 | 225 |
| Scott Rauscher | 365 | 225 |
| Elizabeth Mazur | 295 | 175 |
| Katie Hill | 285 | 175 |
| Rachel Steinback | 265 | 175 |
| Steve Art | 255 | 175 |
| Vince Field | 245 | 100 |
| Loevy & Loevy paralegals | 125 - 150 | 100 |
| Locke Bowman | 450 | 325 |
| Stuart Chanen | 450 | 300 |
| Mark Sayre | 350 | 300 |
| Lisa Carter | 250 | 175 |
| Nicole Auerbach | 400 | 250 |
| Valorem Law Group paralegals | 30 - 150 | 30 – 100 |

---

the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3.

[2] In their brief, defendants revised their proposed rates for Jon Loevy, Kanovitz, Feldman, Art, and Sayre as compared with what is set forth in Exhibit A to plaintiff's fee petition. This chart reflects the revisions. *See* Defs.' Mem. at 8 & n.3.

A reasonable hourly rate is "one that is derived from the market rate for the services rendered." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (internal quotation marks omitted). If the attorney has an actual billing rate that he or she typically charges and obtains for similar litigation, that is presumptively his hourly rate. *Id.* In some situations, however, the attorney does not have an established market rate, for example, because he or she typically uses contingent fee arrangements or relies on statutory fee awards. In that situation, a court should rely on the "next best evidence" of the attorney's market rate, namely "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Id.* (internal quotation marks omitted). "The fee applicant bears the burden of 'produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). If the applicant satisfies this burden, then the opposing party has the burden to offer evidence "that sets forth a good reason why a lower rate is essential." *Id.* (internal quotation marks omitted).

Plaintiff has offered a significant amount of evidence concerning the appropriate hourly rates. This includes affidavits by the attorneys the present case; affidavits of experienced civil rights attorneys who were not involved in this case; affidavits of attorneys that were submitted by fee applicants in other litigation; and citations to fee awards in other cases. Defendants have supported their position with affidavits of attorneys that were submitted by fee applicants in other litigation and citations to fee awards in other cases.

The Court proceeds to address the appropriate hourly rates for the attorneys and paralegals with Loevy & Loevy, the MacArthur Justice Center, and Valorem Law Group who performed work on plaintiff's behalf.

**1.    Loevy & Loevy**

Jon Loevy has been practicing law for nineteen years and leads what is fairly considered one of the premier Chicago-area law firms concentrating in plaintiff's section 1983 litigation. He and his law firm have litigated and tried several cases before the undersigned judge. Loevy and his firm consistently produce written work that rivals that of any law firm in Chicago – not just those specializing in this particular field. In addition, Loevy's outstanding trial advocacy skills put him in the top tier of civil trial attorneys in the Chicago area. He and his firm have an impressive record of success in plaintiff's civil rights litigation.

Loevy's highest court-awarded fee rate is $425, in 2011 by a judge in the Northern District of Indiana. In 2008, a judge in this district awarded him $395. In this case. Loevy seeks a rate of $495. This hourly rate is amply justified by comparison with hourly rates awarded to other plaintiff's civil rights attorneys in Chicago, including rates of $500 to $535 for attorneys who have more years of experience but no greater level of skill or rate of success, and $400 to $425 for attorneys with equivalent or less experience and more modest histories of success. The rate is also supported by a report submitted by Bruce Meckler, an experienced Chicago litigator and trial attorney. The Loevy firm originally offered Meckler's report in 2011 in *Young v. Cook County*, Case No. 06 C 552, another case that the firm litigated and tried before the undersigned judge, and it has submitted the report in this case as well. In sum, an hourly rate of

$495 is fully warranted based on Loevy's "experience, reputation, and ability." *Hensley*, 461 U.S.at 430 n.3.

Arthur Loevy has been a licensed attorney since 1964 but has practiced law for only about twenty-two years since that time (as a labor lawyer from 1963 to 1970 and as a civil rights lawyer from 1997 to the present). His role in the present case appears to have involved, for the most part, settlement negotiation and negotiation strategy. The Court has conducted numerous settlement conferences with Mr. Loevy in this and other cases, and he is a highly effective advocate for his clients in that arena. Given his relatively limited focus with respect to this case, however, and his relative level of civil rights practice experience vis-à-vis other lawyers whose rates the parties offer for comparison purposes, the Court respectfully finds that the appropriate hourly rate for his services in this case is $425.[3]

Michael Kanovitz is also a partner at Loevy & Loevy and has been practicing law for eighteen years, eleven of them as a civil rights plaintiff's attorney. His work on the present case was relatively limited. The Court has, however, had the opportunity to observe Kanovitz in action in other cases, primarily the aforementioned *Young* case, in which he served as principal counsel for a class of over 300,000 Cook County pretrial detainees and obtained an extraordinary result on their behalf. Kanovitz's written, oral,

---

[3] Plaintiff also offers an undated contract with the Transitional Administrator of the Cook County Juvenile Detention Center, who employed Loevy & Loevy to represent him in connection with his work in *Doe v. Cook County*, Case No. 99 C 3945. Based on the Court's examination of the docket in the *Doe* case, it appears that the contract was executed in or about 2008, because that is when attorneys from the Loevy firm filed appearances in that case. Pursuant to that contract, Arthur Loevy is compensated at a rate of $550 per hour. Plaintiff has not attempted to explain the nature of the work that Mr. Loevy does in that case, however, so the Court cannot say that it is sufficiently comparable for present purposes.

and trial advocacy skills are top-notch. Plaintiff has amply justified the $450 hourly rate proposed for Kanovitz.

<u>Other Loevy & Loevy attorneys</u>. Several other Loevy & Loevy attorneys also worked on the case. <u>Joel Feldman</u> is a 1993 law school graduate. He practiced in non-litigation fields for eight years at several large law firms and then, in 2002, expanded his practice to litigation – though he evidently continued to do non-litigation work. His affidavit does not state when he joined Loevy & Loevy. In the Court's view, given the nature of his practice from 1993 to 2002 (and perhaps later), he cannot fairly be compared for hourly-rate purposes with an attorney who has engaged in a litigation practice (let alone a civil rights litigation practice) since 1993. Plaintiff proposes a rate of $395, which is unreasonably high under the circumstances. Defendants propose a rate of $275. *See* Defs.' Mem. at 8 n.3. The Court considers this to be an unreasonably low rate given the fact that Feldman has nine years of civil litigation experience. The Court adopts a rate roughly halfway between the parties' proposals. Feldman's earlier years as a transactional attorney no doubt permitted him to develop skills that serve him well in litigation, but they do not substitute for an equivalent amount of litigation experience. In addition, his work in non-civil rights litigation translates to something less than the equivalent amount of civil rights litigation experience; his learning curve on such cases likely is steeper than it would be for someone with greater experience handling them. The Court sets Feldman's hourly rate at $325.

<u>Aaron Mandell</u> is a 2004 law school graduate. He worked as a Seventh Circuit staff attorney for two years and as an associate for a large law firm for three years engaged in commercial litigation before joining Loevy & Loevy in 2009. <u>Scott Rauscher</u>

6

is a 2005 law school graduate who practiced in commercial litigation with a large law firm until early this year, when he joined Loevy & Loevy. Elizabeth Mazur is a 2005 law school graduate who clerked for a federal court of appeals judge and then worked for a not-for-profit agency for two years as a litigator. She joined the Loevy firm in 2008.

Mandell, Rauscher, and Mazur are appropriately compensated at rates similar to each other given their relative experience, with Mazur a bit higher than the others to account for her greater degree of experience. Each of them is appropriately compensated at levels significantly below the rates cited by plaintiff for significantly more experienced plaintiff's civil rights attorneys ($395 to $425). See Pl.'s Mem. at 8-9. It is also appropriate to compensate them at a somewhat lower level than their colleague Feldman, who has a greater level of litigation experience and law practice experience. The Court approves a rate of $300 for Mandell and $275 for Rauscher and Mazur.

Katie Hill is a 2007 law school graduate who worked as a staff attorney for a not-for-profit agency and then clerked for the undersigned judge. Following her clerkship, she worked for Loevy & Loevy for about one year. She now works for the Office of the State Appellate Defender. Rachel Steinback is a 2008 law school graduate who worked for a large law firm for one year, joined Loevy & Loevy in 2009, left the firm one year later for a federal district court clerkship, and then rejoined the firm in 2011. Steven Art is a 2009 law school graduate who clerked for a federal court of appeals judge for two years and then joined Loevy & Loevy in 2011. Finally, Vincenzo Field is a 2011 law school graduate who joined the Loevy firm in January 2012.

Neither side's proposed comparative rates for Mazur, Hill, Steinback, and Art are entirely satisfactory. Defendants compare these lawyers with an attorney who graduated from law school in 2006 and was awarded an hourly rate of $175 in 2008. *See* Defs.' Mem. at 12-13. This is an inappropriate comparison, for two reasons. First, each of these attorneys has more experience than the lawyer did in the case that defendants reference. Second, 2008 rates are not necessarily equivalent to 2012 rates. On the other hand, neither Hill, Steinback, nor Art has experience equivalent to that of the attorneys that plaintiffs cite for comparison purposes. *See* Pl.'s Mem. at 15-16. And although plaintiffs cite here (and elsewhere) rates for attorneys engaged in commercial litigation at large law firms, they have not shown that these rates are appropriately considered as evidence of the market rate for plaintiff's civil rights attorneys. The Court approves rates of $250 per hour for Hill and $225 per hour for Steinback & Art. For Field, who started working on this case right out of law school, the Court approves a rate of $175 per hour.

**2.     MacArthur Justice Center**

Locke Bowman. The Court approves plaintiff's proposed rate of $450 per hour for Locke Bowman of the MacArthur Justice Center. Bowman has practiced law for thirty years, initially as a law clerk for a district judge here, then with a large law firm for several years, eventually for a several years as an associate and then a partner with a white collar criminal defense "boutique" firm, and as legal director of the Center since 1992. He has extensive experience litigating and trying significant civil rights litigation in this district. He performed at a very high level of skill in the present case. Bowman's closing argument to the jury on the issue of damages was among the best closing

arguments – in terms of both content and delivery – that the undersigned judge has observed in thirteen years on the bench. The evidence submitted by plaintiff establishes that Bowman's experience, ability, and reputation make him quite worthy of an hourly rate that places him at or near the top tier of plaintiff's civil rights litigators in Chicago. The Court approves the $450 rate that plaintiff proposes; indeed, a higher rate might have been warranted had plaintiff requested it.

**3.    Valorem Law Group**

<u>Stuart Chanen</u> has been an attorney since 1985. He clerked for a judge in this district, worked for a civil litigation firm for thirteen years, worked for four years as an Assistant United States Attorney in this district; and then worked on commercial civil litigation and white collar criminal defense for five years at a large law firm. He joined Valorem Law Group in 2009, and his experience in civil rights litigation is all since that time. That said, Chanen's significant experience as a litigator and trial attorney in both civil and criminal cases is largely (though not entirely) transportable into the civil rights field. Defendants cite approved rates of $400 per hour, in 2009, 2011, and 2012 for several attorneys with similar levels of litigation experience but more civil rights litigation experience. *See* Defs.' Mem. at 6. Chanen's appropriate rate is, in the Court's view, approximately that of these attorneys. The Court approves a rate of $425 for him, which is slightly below the rate that he charged clients for commercial civil litigation during nearly all of the relevant period.

<u>Lisa Carter</u> has been a licensed attorney since 2008. Consistent with the discussion earlier, an appropriate rate for her services is $225, the same rate as the one the Court approved for Rachel Steinback, who has a similar level of experience. As

with Chanen, this is slightly below the rate she charged for commercial civil litigation during the relevant period.

Nicole Auerbach is a 1993 law school graduate. Aside from this, plaintiff's submission includes nothing regarding her background and experience in civil rights litigation.[4] The same is true of Mark Sayre, a 1983 law school graduate. (In plaintiff's defense, these lawyers worked only a handful of hours on this case.) For Auerbach, plaintiff proposes an hourly rate of $400, and defendants propose $250. For Sayre, plaintiff proposes $350 (lower than Auerbach despite Sayre's longer tenure as a lawyer), and defendants propose $300. The Court approves a rate of $325 for Auerbach, which is roughly consistent with the $300 rate for Loevy & Loevy attorney Mandell, who has slightly less litigation experience than Auerbach. For Sayre, the Court approves an hourly rate of $300.

**4.    Paralegals**

Plaintiff has provided sufficient support for the requested rates for Loevy & Loevy and Valorem Law Group paralegals to the extent they do not exceed $125 per hour. Plaintiffs have offered no evidence of higher approved rates in this district for similar work. The Court approves the requested rates up to a cap of $125 per hour. The Court is unpersuaded that the work of Elliott Slosser is sufficiently different from that of other paralegals to warrant a higher rate.

**5.    The Laffey Matrix**

For the lawyers' hourly rates, plaintiff relies in part on the so-called "Laffey Matrix." The Laffey Matrix is a framework used by the United States Attorney's Office

---

[4] Plaintiff states that Auerbach was approved at an hourly rate of $600 in a class action earlier this year but also points out that this was a common-fund fee award, not an hourly-based award, making the $600 "rate" largely irrelevant.

for the District of Columbia to determine reasonable hourly rates in fee-shifting cases. *See* http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf (last visited Nov. 13, 2012). The Seventh Circuit has never addressed the viability of the Laffey Matrix as a measure of reasonable hourly rates. As that court recently noted in a case in which a district court had relied on the Matrix,

> [n]o circuit outside the D.C. Circuit has formally adopted the Laffey Matrix, and few have even commented on it. While some circuits have applied the Laffey Matrix, other circuits have expressed concerns about the Matrix's utility outside its circuit of origin. . . . The district courts [in this circuit] that have considered the Laffey Matrix have viewed it with differing levels of praise and skepticism. . . . The Laffey Matrix is not without its critics . . . . Even the D.C. Circuit has referred to the Matrix as "crude" and has recommended that plaintiffs provide affidavits, surveys, and past fee awards to enable the district court to refine the Matrix for the particular attorney.

*Pickett*, 664 F.3d 649-50 (internal quotation marks and citations omitted). Given these concerns and the Seventh Circuit's expressed preference for other, more direct measures of reasonable hourly rates, the Court has not relied on the Laffey Matrix in the present case.

### 6. Chart showing adjudicated hourly rates and fee awards

The following chart lists the hourly rates the Court has determined for each lawyer and paralegal; the agreed-upon compensable hours for each; and the total fees awarded for each lawyer and law firm.

11

| ATTORNEY / PARALEGAL (P) | HOURS | HOURLY RATE | TOTAL | |
|---|---:|---:|---:|---:|
| Arthur Loevy | 4.75 | 425 | $ | 2,018.75 |
| Jon Loevy | 1081.50 | 495 | $ | 535,342.50 |
| Michael Kanovitz | 11.00 | 450 | $ | 4,950.00 |
| Joel Feldman | 473.25 | 325 | $ | 153,806.25 |
| Aaron Mandell | 19.00 | 300 | $ | 5,700.00 |
| Scott Rauscher | 63.00 | 275 | $ | 17,325.00 |
| Elizabeth Mazur | 5.75 | 275 | $ | 1,581.25 |
| Katie Hill | 14.50 | 250 | $ | 3,625.00 |
| Rachel Steinback | 140.00 | 225 | $ | 31,500.00 |
| Steve Art | 17.25 | 225 | $ | 3,881.25 |
| Vincenzo Field | 244.00 | 175 | $ | 42,700.00 |
| Elliott Slosser (P) | 178.25 | 150 | $ | 26,737.50 |
| Anne Gottschalk (P) | 4.50 | 125 | $ | 562.50 |
| John Darraugh (P) | 5.75 | 125 | $ | 718.75 |
| Andy Thayer (P) | 15.25 | 125 | $ | 1,906.25 |
| Maddy Gabor (P) | 25.00 | 125 | $ | 3,125.00 |
| **LOEVY & LOEVY TOTAL** | | | $ | **835,480.00** |
| | | | | |
| Locke Bowman | 473.00 | 450 | $ | 212,850.00 |
| **MACARTHUR JUSTICE CENTER TOTAL** | | | $ | **212,850.00** |
| | | | | |
| Stuart Chanen | 1040.42 | 425 | $ | 442,178.50 |
| Mark Sayre | 5.83 | 300 | $ | 1,749.00 |
| Lisa Carter | 643.50 | 225 | $ | 144,787.50 |
| Nicole Auerbach | 20.00 | 325 | $ | 6,500.00 |
| Jean Casserly (P) | 511.26 | 125 | $ | 63,907.50 |
| Cassie Sanders (P) | 159.29 | 30 | $ | 4,778.70 |
| Joseph Spevacek (P) | 90.25 | 50 | $ | 4,512.50 |
| Lori Benson (P) | 146.30 | 125 | $ | 18,287.50 |
| Sarah Houdek (P) | 1.10 | 125 | $ | 137.50 |
| Audrey Dunn (P) | 3.50 | 30 | $ | 105.00 |
| Brian Vicari (P) | 24.41 | 50 | $ | 1,220.50 |
| Jacob Fisher (P) | 88.10 | 50 | $ | 4,405.00 |
| **VALOREM LAW GROUP TOTAL** | | | $ | **692,569.20** |
| | | | | |
| **GRAND TOTAL** | | | $ | **1,740,899.20** |

**7.     Expenses**

The parties have agreed to expense awards in the following amounts: $54,859 for MacArthur Justice Center; $57,962 for Valorem Law Group; and $29,226 for Loevy & Loevy. The total of these amounts is $142,047. *See* Pl.'s Mem., Ex. A.

## Conclusion

For the reasons stated above, the Court grants plaintiff's petition for attorney's fees and costs [dkt. no. 345]. The Court awards plaintiff attorney's fees of $1,740,899.20 and costs of $142,047 pursuant to 42 U.S.C. § 1988.

                                                                             _____
                                                                             MATTHEW F. KENNELLY
                                                                             United States District Judge

Date: November 14, 2012